# Judge Hellerstein

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

KHALID STEWART,
individually and on behalf of
persons similarly situated,

                Plaintiff,

-against-

PRINCE TELECOM, INC.,
a foreign corporation,
DYCOM INDUSTRIES, INC.,
a foreign corporation, and
XYZ ENTITIES 1-5
(fictitious names of unknown liable entities),,

                Defendants.
-----------------------------------------------------------x

Index No.

COMPLAINT

Plaintiff Demands
Trial by Jury



## COMPLAINT

Plaintiff, KHALID STEWART, on behalf of Plaintiff, and others similarly situated, hereby alleges the following cause(s) of action Defendants, PRINCE TELECOM, INC.; DYCOM INDUSTRIES, INC.; and XYZ ENTITIES 1-5 (collectively "Defendants," "Prince Telecom" or the "Prince Telecom Entities"):

### The Parties

1. Plaintiff, KHALID STEWART, was employed by Prince Telecom as an service technician from about June 2007 to about March 2008.

2. In the service technician position, Plaintiff's primary duties were non-exempt, predominately involving, without limitation, cable installation, repair, auditing, disconnection, and such related services and labor, at location(s) of Prince Telecom, all for and in furtherance of the business of Prince Telecom, as further alleged in Paragraph 6 herein. Plaintiff was supposedly paid on a piece rate basis for his work for Prince Telecom.

3. Defendant, PRINCE TELECOM, INC., is a Delaware corporation that provides cable installation, repair, auditing, disconnection, and related services and labor for compensation at various premises throughout the nation. It serves customers throughout the United States and elsewhere, directly and indirectly through various divisions, subsidiaries and affiliates, however constituted, and employed Plaintiff and the persons similarly situated (as subsequently defined), all as further alleged in Paragraph 6. It does business within the jurisdiction of this Court, and this Court has jurisdiction over it and the cause(s) of action alleged.

4. Defendant, DYCOM INDUSTRIES, INC., is a Delaware limited liability company that also provides cable installation, repair, auditing, disconnection, and related services and labor for compensation at various premises throughout the nation. It is a parent or affiliate of PRINCE TELECOM, INC. It serves customers throughout the United States and elsewhere, directly and indirectly through various divisions, subsidiaries and affiliates, however constituted, and has employed Plaintiff and the persons similarly situated (as

subsequently defined), all as further alleged in Paragraph 6. It does business within the jurisdiction of this Court, and this Court has jurisdiction over it and the cause(s) of action alleged.

5. Defendants, XYZ ENTITIES 1-5, comprise or operate one or more divisions, subsidiaries, parents, partners, joint venturers or affiliated businesses of PRINCE TELECOM, INC. and DYCOM INDUSTRIES, INC. Defendants, XYZ ENTITIES 1-5, are fictitious names for companies, partnerships, joint venturers, corporations, or other entities, however constituted, that employed Plaintiff and the persons similarly situated (as subsequently defined), all as further alleged in Paragraph 6. The true names and capacities of these XYZ ENTITIES 1-5 are unknown to Plaintiff at this time, but Plaintiff will amend this Complaint when and if the true names of said defendants become known such that they can be correctly named.

6. The Defendants, PRINCE TELECOM, INC. and DYCOM INDUSTRIES, INC., in conjunction with their respective divisions, subsidiaries or affiliates operating in the United States, however such divisions, subsidiaries or affiliates are constituted, including but not limited to XYZ ENTITIES 1-5, have at material times done business under the trade name or mark of "Prince Telecom," among other trade names or marks, in the United States. Each of these Defendants directly or indirectly acted in the interest of an employer toward Plaintiff and other persons similarly situated at all material times, including

without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff and other persons similarly situated. Alternately, Defendants and each of their respective divisions, subsidiaries or affiliates, however constituted, including but not limited to XYZ ENTITIES 1-5, were joint employers of Plaintiff and other similarly situated persons in their respective territory or territories because each has acted directly or indirectly in the interest of the other in relation to such Plaintiff and such similarly situated persons. As a further alternative, Defendants and each of their divisions, subsidiaries or affiliates, however constituted for the location(s) at issue, including but not limited to XYZ ENTITIES 1-5, were joint employers of Plaintiff and the similarly situated non-exempt workers in their respective territories because they commonly controlled the terms of compensation and employment of Plaintiff and others similarly situated, and are not completely disassociated with respect to the terms of compensation and employment of Plaintiff and others similarly situated.

### Collective Action Allegations

7.  Plaintiff brings this collective action for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. '201 *et seq.*, on behalf of Plaintiff and on behalf of a class of other, similarly situated, current and former employees of Defendants.

8. Plaintiff is similarly situated to current and former employees of Defendants who performed, or are performing, some or all of the primarily non-exempt duties of a service technician, however variously titled. These primarily non-exempt duties include, without limitation, the duties of cable installation, repair, auditing, disconnection, and such related services and labor at locations of Defendants throughout the United States.

9. Plaintiff and other persons similarly situated were purportedly paid by Prince Telecom on a piece rate basis. They were also similarly classified by Prince Telecom as non-exempt and entitled to the overtime protections of the FLSA.

10. Plaintiff and the other persons similarly situated were not correctly credited and paid overtime by Prince Telecom due to failure of Prince Telecom to credit and pay Plaintiff and other persons similarly situated correctly for all overtime hours worked.

11. At all times material hereto, the work activities of Plaintiff and all the similarly situated current and former employees in the asserted class were suffered by or for the benefit of Defendants, as more fully alleged in Paragraph 6.

12. Plaintiff and those persons similarly situated were each entitled to an overtime rate of pay equal to one and one-half times their respective regular wages per hour (the "overtime rate of pay") for each hour worked in excess of forty (40) hours in a given workweek (each an "overtime hour" and collectively, "overtime hours").

13. Plaintiff and the other similarly situated persons in the asserted class regularly worked overtime hours.

14. In the course of employment with Defendants, Plaintiff and those other current and former employees similarly situated were not paid their respective overtime rates of pay for all overtime hours worked for the benefit of Defendants due to the practice or policy of Defendants of failing to credit and pay Plaintiff and the members of the asserted class properly in accordance with the FLSA for all overtime, among other violations.

15. As a result, at all times material to this Complaint, Defendants failed to pay Plaintiff and similarly situated persons properly for all overtime hours worked – that is, all of the hours worked in excess of forty (40) within each workweek -- in compliance with the FLSA.

16. The potential class members joining this collective action include the following:

> all non-exempt employees holding the position of service technician, however variously titled, performing primarily non-exempt duties of cable installation, repair, auditing, disconnection, and such related services and labor, at any location or facility of every division, subsidiary, or affiliate of Defendants, however constituted, including but not limited to XYZ ENTITIES 1-5, wherever they operated in the United States, and who worked overtime hours in one or more workweeks.

(Collectively, the "asserted class" or those persons, workers or employees "similarly situated.")

17. The material time for the claims under the FLSA in this case is the **three-year period** prior to the date of each Plaintiff's or similarly situated person's joinder or opting into this action, and the period of additional time, if any, that each such person's claims were tolled or extended by agreement of one or more Defendants, by equity, or by operation of law.

18. There are estimated to be over five hundred current and former employees within the asserted class for this collective action during the material time who are similarly situated to Plaintiff. With such numbers of similar claims for unpaid overtime compensation, a collective action is a superior procedure for adjudicating such claims. Plaintiff requests that the Court authorize and supervise notice to the members of the asserted class so that all claims may be resolved efficiently in a single proceeding.

19. The records, if any, should be in the custody or control of Defendants concerning the members of the asserted class, the number of hours worked by Plaintiff and all other similarly situated workers, and the compensation actually paid, or not paid, to such workers, although the records of hours worked are not believed to be accurate and complete for Plaintiff and all other similarly situated workers.

### Further Jurisdictional Allegations

20. Venue is proper. The Court has jurisdiction over the Defendants, and in regard to each plaintiff joining this lawsuit.

21. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. '1337 and by Title 29 U.S.C. '216(b). At all times pertinent to this Complaint, Defendants were each an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in 29 U.S.C. '203(r) and 203(s). The annual gross sales volume of each of the Defendants was in excess of $500,000.00 per annum.

### Damages, Liquidated Damages, and Other Relief

22. Plaintiff has retained the Shavitz Law Group, P.A. to provide legal representation, and Plaintiff has incurred, and will continue to incur, attorneys' fees and costs accordingly, which are a proper part of the relief sought in this action.

23. Plaintiff and those similarly situated seek to recover from Defendants relief that includes, but is not limited to, unpaid overtime compensation, liquidated damages, and the costs and reasonable attorney=s fees under the provisions of the FLSA.

### COUNT I – RECOVERY OF OVERTIME COMPENSATION
### (COLLECTIVE ACTION CLASS – ALL DEFENDANTS)

24. Plaintiff readopts and realleges here all allegations contained in Paragraphs 1 through 23 above.

23. Plaintiff is entitled to be paid the proper overtime rate of pay for each overtime hour worked for the benefit of Defendants per work week.

24. Each of the similarly situated persons in the asserted class is likewise owed the proper overtime rate of pay for each overtime hour worked for the benefit of Defendants.

25. Defendants failed to pay Plaintiff and those similarly situated persons in the asserted class properly for all overtime hours worked, which failures were intentional, willful and unlawful acts of Defendants.

26. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (Plaintiff and those persons similarly situated in the asserted class) have suffered, and those still employed continue to suffer, damages plus incurring costs and attorney=s fees in bringing this action.

27. As a result of Defendants' willful violations of the FLSA, all Plaintiffs (Plaintiff and those persons similarly situated in the asserted class) are entitled to liquidated damages.

28. Plaintiff demands a jury trial on all counts.

WHEREFORE, Plaintiff and those similarly situated to Plaintiff in the asserted class who have or will opt into this action, demands judgment against Defendants, PRINCE TELECOM, INC.; DYCOM INDUSTRIES, INC.; and XYZ ENTITIES 1-5, jointly and

severally, for all damages, including without limitation the proper and complete payment of all overtime hours at the respective overtime rates of pay due Plaintiff and those persons similarly situated for the overtime hours worked by them for which they have not been properly compensated; liquidated damages; reasonable attorneys' fees; costs of suit, prejudgment interest; and all other available relief.

Dated: June 17th, 2010

Respectfully submitted,

_____
ONE OF THE ATTORNEYS FOR PLAINTIFF

Andrew Sal Hoffmann, Esq.
(NY Bar No. ASH-5517)
E-mail: ashlegal@aol.com
WISEMAN & HOFFMANN
450 Seventh Ave., Suite 1400
New York, NY 10123
Tel: 212-679-0400
LOCAL COUNSEL FOR PLAINTIFFS

-AND-

Gregg I. Shavitz, Esq.* (Florida Bar No. 11398)
E-mail: gshavitz@shavitzlaw.com
Hal B. Anderson, Esq.* (Florida Bar No. 93051)
E-mail: hal.anderson@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 S. Federal Hwy., Suite 404
Boca Raton, Florida 33432
Tel: 561-447-8888; Fax: 561-447-8831
COUNSEL FOR PLAINTIFFS
* Motion for admission Pro Hac Vice to be separately filed

## RULE 9 STATEMENT

The plaintiff herein, Khalid Stewart, is an individual and is not affiliated with any corporations or other entities.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KHALID STEWART,
individually and on behalf of           Index No.
persons similarly situated,

           Plaintiff,          **NOTICE OF FILING**
                                          **CONSENT(S) TO JOIN**

     -against-

PRINCE TELECOM, INC.,
a foreign corporation,
DYCOM INDUSTRIES, INC.,
a foreign corporation, and
XYZ ENTITIES 1-5
(fictitious names of unknown liable entities),,

          Defendants.
------------------------------------------------------------x

## NOTICE OF FILING CONSENT(S) TO JOIN

COMES NOW, the Plaintiff, KHALID STEWART, by and through the undersigned counsel, and hereby give notices of filing the written Consent to Join.

1

Dated: June <u>17th</u>, 2010

Respectfully submitted,

_____
ONE OF THE ATTORNEYS FOR PLAINTIFF

Andrew Sal Hoffmann, Esq.
(NY Bar No. ASH-5517)
E-mail: ashlegal@aol.com
WISEMAN & HOFFMANN
450 Seventh Ave., Suite 1400
New York, NY  10123
Tel: 212-679-0400
LOCAL COUNSEL FOR PLAINTIFFS

-AND-

Gregg I. Shavitz, Esq.* (Florida Bar No. 11398)
E-mail: gshavitz@shavitzlaw.com
Hal B. Anderson, Esq.* (Florida Bar No. 93051)
E-mail: hal.anderson@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 S. Federal Hwy., Suite 404
Boca Raton, Florida 33432
Tel: 561-447-8888; Fax: 561-447-8831
COUNSEL FOR PLAINTIFFS

*Motion for admission Pro Hac Vice to be separately filed*

2

## NOTICE OF CONSENT TO JOIN

The undersigned, _Khald Stewart_, hereby consents, pursuant to 29 U.S.C. §216(b), to become a party plaintiff in this action.

_[signature]_
**CLIENT SIGNATURE**