UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KHALID STEWART, | : **ECF Case** |
| Plaintiff, | : CIVIL ACTION NO.: 10 CV 4881 |
| | : (AKH) (GWG) |
| -against- | : |
| PRINCE TELECOM, INC., | : |
| DYCOM INDUSTRIES, INC., | : |
| and | : |
| XYZ ENTITIES 1-5, | : |
| Defendants. | : |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
### FOR EXTENSION OF TIME

Defendants Prince Telecom, LLC (incorrectly named "Prince Telecom, Inc.") and Dycom Industries, Inc. (collectively "Defendants") hereby respond to and oppose Plaintiff's Motion for Extension of Time.

Plaintiff requests a two-week extension of time to file his Reply (the "Reply") in support of his Motion for Conditional Class Certification and Court-Authorized Notice Pursuant to Section 216(b) of the FLSA (the "Motion for Conditional Certification"). Although Defendants do not typically oppose reasonable extensions of briefing schedules, the instant motion should be denied for at least three reasons: (1) Plaintiff had ample time to prepare the materials in support of his Motion for Conditional Certification and waited too long to request an extension; (2) the reasons provided by Plaintiff in support of his motion do not merit an extension of time; and (3) contrary to the representations made by Plaintiff, Defendants provided and have reasonable grounds for opposing his request.

*First*, Plaintiff filed his Complaint, asserting collective action allegations, on June 23, 2010, and this Court entered a briefing schedule on his Motion for Conditional Certification on September 17, 2010.  Thus, Plaintiff had months to prepare the materials in support of his Motion for Conditional Certification.  Plaintiff first asked Defendant to agree to an extension of time for his Reply on December 1, 2010.  Defendant refused to agree to that request the next day, yet Plaintiff waited another week, until December 8, only two days before his Reply is due, to file the instant motion.  Further, any cost savings in attorneys' fees to Plaintiff would be minimal insofar as the reply brief is currently due in two days.

*Second*, the production of "new" discovery documents by Defendants does not support Plaintiff's request.  Plaintiff has argued in his Motion for Conditional Certification that his burden on that motion is "minimal" and can be met with "one or two affidavits and little more." (Dkt. No. 29, Pl.'s Mem. at 7-8.)[1]  Perhaps for that reason, Plaintiff did not serve his Document Requests until such time as Defendants' responses would not be due until after the deadline for his Motion for Conditional Certification.  Further, when Plaintiff agreed to December 3 as the production date for Defendants' documents, he was well aware that he would receive those documents only days before his Reply was due on December 10.  Having made these strategic decisions – to file his Motion for Conditional Certification without having received the requested documents, and to receive those documents only days before the Reply was due – Plaintiff cannot now reverse course and claim that the document production is essential for preparation of his Reply.  Indeed, it is likely that any new factual arguments made in that Reply would be

---

[1] Defendants do not agree.  Before a named plaintiff may send notice to potential opt-ins, he must make some factual showing that he and the putative plaintiffs "together were victims of a common policy or plan that violated the law."  *Barfield v. New York City Health & Hosp. Corp.*, No. CV 05-6319, 2005 WL 3098730, at *1 (S.D.N.Y. Nov. 18, 2005), *aff'd*, 537 F.3d 132 (2d Cir. 2008).

inappropriate. *See Wolters Kluwer Financial Services Inc. v. Scivantage*, 2007 WL 1098714, at *1 (S.D.N.Y. April 12, 2007) ("Typically, in such situations, the Court strikes the evidence presented for the first time in reply, and does not consider it for purposes of ruling on the motion.").

*Finally*, Plaintiff asserts that his request was made in good faith and that Defendants opposed an extension for "reasons un-stated." (Dkt. 35 ¶ 7.) To the contrary, Defendants explained that a delay would not make sense in view of upcoming settlement discussions between the parties, because it would benefit those discussions for both sides' positions to be disclosed and fully known by the other *before* the discussions begin.

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's Motion for Extension of Time to submit his Reply in support of his Motion For Conditional Collective Action Certification And For Court-Authorized Notice Pursuant to 216(b) of the Fair Labor Standards Act.

Dated: New York, New York
December 8, 2010

Respectfully submitted,

SEYFARTH SHAW LLP

By:  /s/ Gerald L. Maatman, Jr.
     Gerald L. Maatman, Jr.
     gmaatman@seyfarth.com

Gerald L. Maatman, Jr.
Robert S. Whitman
620 Eighth Avenue
New York, New York  10018-1405
Tel.: (212) 218-5500
Fax: (212) 218-5526

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

      I, Gerald L. Maatman, Jr., an attorney, do hereby certify that on December 8, 2010, I caused a true and correct copy of the foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME** to be filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

**Gregg I. Shavitz**
Shavitz Law Group, P.A
1515 S. Federal Highway, Suite 404
Boca Raton , FL 33432
(561)-447-8888 (Telephone)
(561) 447-8831 (Facsimile)
Email: gshavitz@shavitzlaw.com

**Andrew Sal Hoffmann**
Wiseman & Hoffmann
450 Seventh Avenue
Suite 1400
New York , NY 10123
(212) 686-2110  (Telephone)
(212) 686-4766 (Facsimile)
Email: Ashlegal@aol.com

**Hal B. Anderson**
Shavitz Law Group, P.A.
1515 S. Federal Highway, Suite 404
Boca Raton , FL 33432
(561) 447-8888 (Telephone)
(561) 447-8831 (Facsimile)
Email: hal.anderson@shavitzlaw.com

          /s/ Gerald L. Maatman, Jr.
          Gerald L. Maatman, Jr.

12970141v.1