# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KHALID STEWART,<br><br>                      Plaintiff,<br><br>     -against-.<br><br>PRINCE TELECOM, INC.,<br>DYCOM INDUSTRIES, INC., BROADBAND EXPRESS, LLC, CAVO BROADBAND COMMUNICATIONS, LLC<br>and<br>XYZ ENTITIES 1-5,<br><br>                     Defendants. | ECF Case<br><br>NO. 10 CV 4881 (AKH) (GWG) |

## [PROPOSED] ORDER AND JUDGMENT

This Court, having heard the joint motion of the Plaintiffs and Defendants to reopen this Action, to amend the Complaint, and to approve the parties' Settlement Agreement (the "Settlement Agreement"), and having considered the Settlement Agreement, all papers filed, and the arguments of counsel, and having reviewed the record in this Action, and good cause appearing:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. This Court's March 24, 2011 Order (Docket # __) is hereby vacated, and this Action is restored to the Court's active docket.

2. The Complaint in this action is deemed amended by interlineation by agreement of the Parties, purely for settlement purposes, to add as named Defendants Broadband Express, LLC ("Broadband") and Cavo Broadband Communications, LLC ("Cavo").

1

3. The Court has jurisdiction over the subject matter of the Litigation. The Court has personal jurisdiction over the parties, including without limitation the Defendants added by the amendment.

4. The Court hereby adopts the definitions as set forth in the Parties Settlement Agreement, submitted to the Court on May 13, 2011 and incorporates those definition herein by reference.

5. After a review of the papers submitted by the Parties, as well as the Settlement Agreement and the proposed Notice to the Class, the Court determines that, for purposes of the Fair Labor Standards Act ("FLSA"), the terms of the Settlement Agreement, including the amounts contemplated to be paid to the Plaintiffs and Plaintiffs' counsel, are a fair and reasonable resolution of a bona fide dispute.

6. The Court hereby certifies, for settlement purposes only, a settlement class defined as all technicians or installers who perform, or have performed, cable, network or computer installation, repair, auditing, disconnection, or related services and labor of a non-exempt nature, however precisely titled, at any premises nationwide in furtherance of the business of Prince Telecom, LLC, Broadband and/or Cavo, and who worked in excess of forty (40) hours during five or more work weeks between June 22, 2008 and February 20, 2011 (the "Settlement Class"). Excluded from the Settlement Class are those individuals who would otherwise be Settlement Class Members but who performed the above-listed duties in either of the states of Washington or Oregon, or those individuals who were credited and paid for additional hours worked in and around New Castle, Delaware prior to July 1, 2009 and who signed acknowledgement forms in April 2010 regarding such payments.

7. In granting approval of the Settlement Agreement, the Court finds that it is fair, just, reasonable and adequate as to all Parties. In return for acceptance of monetary payments, the Named Plaintiffs and Opt-In Plaintiffs are releasing all claims as to Defendants. In return for acceptance of monetary payments, the other Settlement Class Members are releasing all federal and state wage & hour claims as to Defendants. Plaintiffs' claims involve failure to pay overtime wages and, as such, the plan of allocation is reasonable in that it values the overtime claims of each Plaintiff after vigorous, arms-length negotiations by experienced counsel.

8. The Court finds that the other terms of the Settlement Agreement were also reached after extensive, arms-length negotiation by experienced counsel and are fair and reasonable.

9. The Court finds that there are issues in dispute and that there is a risk that either Party would not prevail upon further litigation of this Action.

10. The Court finds that the proposed Notice to Plaintiffs, and the procedures set forth in the Settlement Agreement for disseminating it, will adequately and fairly serve to inform Plaintiffs of their rights and obligations with regards to the Court's approval of the Settlement Agreement.

11. The Court hereby appoints Shavitz Law Group, P.A. as Class Counsel to the Settlement Class.

12. The Settlement Administrator to be mutually selected by Class Counsel and counsel for the Defendants is hereby directed to disseminate Notice to the Settlement Class in the form attached to the Settlement Agreement, enclosing the settlement checks with the releases authorized hereby. Such Notice shall be disseminated no later than **[insert date]**. Class Counsel

shall submit a declaration attesting to the dissemination of Notice in accordance with the terms of the Settlement Agreement no later than **[insert date]**.

13. The settlement period shall commence when this order becomes final and non-appealable. The settlement period for payment of eligible members of the Settlement Class shall last 45 days. Within thirty days after the conclusion of the settlement period, the administrator shall provide a report listing the names of all persons in the Settlement Class who consented to opt-in by acceptance of payment and cashed their settlement checks, which report Class Counsel shall promptly file. Participation in, and acceptance of, a settlement payment, shall bind all members of the Settlement Class. All persons who consented and received payment shall be forever barred from pursuing the released claims against Defendants.

14. This case is hereby dismissed with prejudice.

15. The court shall retain jurisdiction until 45 days after the close of the settlement period to enforce the terms of settlement and the payments approved hereby.

SO ORDERED THIS _____ DAY OF _____, 2011.

_____
Alvin K. Hellerstein
United States District Judge
Southern District of New York