# EXHIBIT 1

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is among, on the one hand, (i) Khalid Stewart, on behalf of individuals who have filed signed consents to opt-in to the putative collective action entitled *Stewart v. Prince Telecom, Inc., et al*, and (ii) individuals who have filed signed consents to opt-in to the putative collective action entitled *Black v. Broadband Express LLC, et al.* (collectively herein as the "Plaintiffs"), and Prince Telecom, LLC, Broadband Express, LLC, Cavo Broadband Communications, LLC, and Dycom Industries, Inc. (collectively, together with any predecessor companies, "the Defendants"), on the other hand.

### SECTION I – DEFINITIONS AND BACKGROUND

#### A.      Definitions

1.1 – Plaintiffs and Defendants are collectively referred to herein as the "Parties."

1.2 – "Class Counsel" is Shavitz Law Group, P.A.  "Defendants' Counsel" is Seyfarth Shaw LLP.  Class Counsel and Defendants' Counsel are collectively referred to as the "Counsel."

1.3 – The term "Named Plaintiff" means Khalid Stewart.

1.4 – The term "Opt-In Plaintiff" means any individual who, as of May 11, 2011, has filed a signed consent to opt-into the Litigation or the Related Litigation.

1.5 – The term "Settlement Class Members" means all technicians or installers who perform, or have performed, cable, network or computer installation, repair, auditing, disconnection, or related services and labor of a non-exempt nature, however precisely titled, at any premises nationwide, in furtherance of the business of Defendants, and who worked in excess of forty (40) hours for Defendants during five or more work weeks between June 22, 2008 and February 20, 2011, other than individuals who performed the above-listed duties in either of the States of Washington or Oregon or individuals who worked in New Castle,

Delaware prior to July 1, 2009 and signed acknowledgment forms regarding payment for additional hours worked.

 1.6 – The term "Settlement Distribution Check" means a check issued by the Administrator to a Settlement Class Member pursuant to Section 3 of this Agreement.

 1.7 – The term "Litigation" means the civil action filed on or around June 23, 2010 by Class Counsel entitled *Stewart, et al. v. Prince Telecom., Inc., et al.*, Case No. 10 CV 4881 (AKH) (GWG) (S.D.N.Y.), as amended or modified.

 1.8 – The term "Related Litigation" means the civil action filed on or around September 10, 2010 by Class Counsel entitled *Black, et al. v. Broadband Express, LLC*, Case No. 10-23266-CIV-UNGARO/SIMONTON (S.D. Fla.), and the civil action filed on or around January 11, 2011 by Class Counsel entitled *Anders v. Dycom Industries, Inc.*, Case No. 11-80036-CIV-MARRA (S.D. Fla.).

 1.9 – The term "Court" shall refer to the court presiding over the Litigation.

## B. Background

 1.10 – In the Litigation and Related Litigation, the Plaintiffs allege that they and others similarly situated are owed overtime compensation under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), for "off-the-clock" work that they allegedly performed before and after their scheduled work hours and during their meal breaks.

 1.11 – Defendants deny the allegations of wrongdoing asserted in the Litigation and the Related Litigation, and specifically deny that Plaintiffs were denied overtime pay or damaged in any way by Defendants' pay practices.  Defendants, by agreeing to settle, expressly deny any liability or wrongdoing.

 1.12 – The Parties, through an extensive series of settlement negotiations, have reached an agreement to settle all aspects of the Litigation and the Related Litigation, subject to court

2

approval.  It is the desire of the Parties to fully and finally settle, resolve, and discharge any and all actual and potential claims and disputes that were asserted or could have been asserted by Plaintiffs in the Litigation and Related Litigation.  Accordingly, it is the intention of the Parties that this Settlement Agreement shall constitute a full and complete settlement and release of claims against Defendants pursuant to the terms described herein (the "Settlement").

1.13 –  The Settlement was reached after extensive formal discovery and private arms-length negotiations between Class Counsel and Defendants' Counsel.  The Parties and Counsel believe that this Settlement Agreement provides a fair and reasonable settlement for all of the claims of the Named Plaintiff, the Opt-In Plaintiffs and the other Settlement Class Members.

1.14 – The terms of the Settlement Agreement are based on a thorough evaluation by counsel of facts obtained through investigation and discovery.  Class Counsel represent that they have conducted a thorough investigation into the facts of the Litigation and the Related Litigation and have diligently pursued an investigation of the Plaintiffs' claims against Defendants.  Based on their own independent investigation and evaluation, Class Counsel is of the opinion that the Settlement is fair, reasonable, and adequate and is in the best interest of the Named Plaintiff, the Opt-In Plaintiffs and the other Settlement Class Members in light of all known facts and circumstances, including the defenses asserted by Defendants and the delay and uncertainty of future litigation, trials, and appeals.

1.15 – Therefore, without admitting the validity of or any liability for the claims asserted by Plaintiffs, and to resolve all disputes related thereto, and in consideration of the terms, conditions, covenants, and promises set forth in this Settlement Agreement, the Parties agree as follows:

13392906v.1

## SECTION II – SETTLEMENT APPROVAL

2.1 –  Stay Of Litigation.  The Parties agree to stipulate to a stay of all discovery,

deadlines, and activity related to the Litigation and the Related Litigation other than in

connection with the proposed Settlement until the Court enters an Order approving the

Settlement Agreement.  The Parties agree that the stay shall remain in effect through the

Effective Date of Approval (defined in Subsection 8.6 below) or through the termination of this

Agreement pursuant to Section V hereof.

2.2 – Mutual Full Cooperation.  As soon as practicable after execution of this Agreement,

the Parties shall take all necessary steps to secure the Court's approval of this Agreement and to

effectuate all aspects of this Agreement.  The Parties agree to cooperate fully with each other to

obtain approval of and to accomplish the terms of this Agreement, including but not limited to

execution of such documents as may reasonably be necessary to implement the terms of this

Agreement.

2.3 – Approval Procedure.  The Agreement requires the occurrence of all of the following

events:  (a) execution of the Agreement by the Parties; (b) submission of the Agreement to the

Court for approval; (c) entry of an Order by the Court granting approval of the Agreement; (d)

Court approval of the method of distribution and the form and content of the Class Notice; (e)

mailing of the Class Notice and Settlement Distribution Check by first class mail to the

Settlement Class Members, and, if such mailing is returned as undeliverable, one skip trace

mailing for such Settlement Class Member; (f) filing by Class Counsel, no more than 45 days

after the Effective Date of Approval, of a written declaration that the Class Notice and

Settlement Distribution Checks to the Settlement Class Members have been disseminated by the

Administrator in accordance with the Court's Order; (g) approval of settlement agreements in, or

dismissals with prejudice of, the Related Litigation; and (h) occurrence of the Effective Date of

4

Approval of the Settlement of the Litigation and Related Litigation, as defined in Subsection 8.6 in this Agreement.  The Parties agree that in the event that condition (g) hereto regarding approval or dismissal in the Related Litigation is not met, Defendants shall have the right in their sole discretion to declare the Settlement void.  If Defendants exercise their right to void the Settlement, the Litigation and the Related Litigation will be restored to their respective courts' active dockets.

 2.4 – Duties Of The Parties Before Court Approval.

 2.4.1     The Parties shall, by May 13, 2011, submit this Agreement to the Court in support of their Joint Motion for Approval of the Proposed Settlement, for determination by the Court as to its fairness, adequacy, and reasonableness and apply for the entry of an order containing the following elements:  (a) approving the Settlement; (b) approving the form and content of the proposed Class Notice; and (c) directing the mailing of the Class Notice and Settlement Distribution Checks by first class mail to the Settlement Class Members.

 2.4.2     At the same time, Class Counsel shall file, and Defendants shall not oppose, a motion or other request for leave to amend the operative complaint in the Litigation to add Broadband Express, LLC and Cavo Broadband Communications, LLC as defendants, with Khalid Stewart nominally representing all class members alleged for all such Defendants, simply for purposes of effectuating this Agreement.  In so doing, Defendants understand that Class Counsel must represent to the Court that personal jurisdiction over Broadband Express, LLC and Cavo Broadband Communications, LLC exists in the Southern District of New York.  Although Defendants deny that the Court has such jurisdiction and do not waive the right to challenge the assertion of such jurisdiction, there is a good faith dispute among the Parties as to the propriety of such jurisdiction, and Defendants agree, solely in the interest of compromise and for purposes

5

of facilitating a settlement, that it shall not oppose a motion to add Broadband Express, LLC and Cavo Broadband Communications, LLC as defendants in the Litigation.

2.5 – <u>Duties Of The Parties Following Court Approval</u>.  No more than 5 days following the Effective Date of Approval as set forth in Subsection 8.6, Defendants shall transfer funds in the amount of the Gross Settlement Amount (defined in Subsection 3.1) to the Administrator for distribution pursuant to the terms of this Agreement.  Class Counsel shall file the written declaration of dissemination of Class Notice and Settlement Distribution Checks required by Subsection 2.3 no later than 45 days after the Effective Date of Approval (defined in Subsection 8.6).

2.6 – <u>Appeal</u>.  In the event of a timely appeal from the Court's judgment and dismissal of the Litigation or of a timely appeal of the Related Litigation, the Effective Date of Approval shall not have passed, the judgment(s) shall be stayed, the Gross Settlement Amount shall remain in escrow but shall not be distributed to Class Counsel and/or Settlement Class Members, and the actions required by this Agreement shall not take place until all appeal rights have been exhausted by operation of law.

<strong><u>SECTION III – SETTLEMENT PAYMENT</u></strong>

3.1 – <u>Gross Settlement Amount</u>.  Defendants agree to pay a "Gross Settlement Amount" of Five Hundred Forty-Four Thousand Dollars and Zero Cents ($544,000.00).  The Gross Settlement Amount includes all awards of attorneys' fees and costs to Class Counsel, all settlement administration costs, and all payments to Settlement Class Members (including the Named Plaintiff and the Opt In Plaintiffs) and a "Net Settlement Fund" and Service Payments (defined in Subsections 3.2 and 3.4 hereto).

3.2 – <u>Net Settlement Fund</u>.  The "Net Settlement Fund" is the Gross Settlement Amount less attorneys' fees and costs awarded to Class Counsel, Service Payments to the Plaintiffs (as

6

defined in Subsection 3.4 hereto), and settlement administration costs.  The Net Settlement Fund shall be used for the payment of timely and properly negotiated Settlement Distribution Checks to Settlement Class Members.  In the event that any of the funds in the Net Settlement Fund are not expended in connection with distribution of payments to Plaintiffs, the Settlement Class Members, settlement administration costs, and an award of attorneys' fees and costs to Class Counsel, the remainder shall remain the property of Defendants.

3.3 – <u>Attorneys' Fees And Costs</u>.  Class Counsel's attorneys' fees and costs awarded by the Court will be paid from the Gross Settlement Amount.  Class Counsel shall petition the Court for an award of attorneys' fees and costs expended to date and anticipated to be incurred in connection with the Settlement prior to the approval hearing.  Class Counsel agrees that any recovery for attorneys' fees shall not exceed thirty-three percent (33%) of the Gross Settlement Amount.  Class Counsel therefore estimates that $181,315.20 of the Gross Settlement Amount constitutes attorneys' fees, and $15,000 constitutes costs.  Defendants will not oppose the award of attorneys' fees and costs to Class Counsel so long as Class Counsel does not apply for an award of more than set forth hereto.  In the event the Court awards a lesser amount of such attorneys' fees or costs to Class Counsel, this Agreement shall remain in full force and effect and be binding upon the Parties with such reduction to be added to the Net Settlement Fund for distribution to Class Members according to the procedures herein.  The Administrator shall tender payment of any award of attorneys' fees and costs no later than thirty (30) days after the later of (i) the Effective Date of Approval of the Settlement, or (ii) the award of fees by the Court.

3.4 – <u>Service Payments To Named Plaintiff and Opt-In Plaintiffs.</u>  No more than $29,000.00 shall be paid from the Gross Settlement Amount to the Named Plaintiff and Opt-In

Plaintiffs in the Litigation and Related Litigation, excluding Angela Anders, as consideration for their service on behalf of the other Settlement Class Members, including without limitation, participation in the investigation and discovery of the claims in the Litigation and the Related Litigation.  The Service Payments shall be made in addition to the payments made to Opt-In Plaintiffs for back pay pursuant to Subsection 3.5.  In the event the Court approves a lesser gross amount than $29,000.00 for Service Payments, then the Named Plaintiff and Opt-In Plaintiffs shall be bound by such an award and the balance shall be included in the Net Settlement Fund for distribution to other Settlement Class Members according to the procedures herein.  The individuals who have submitted consents to opt-in to the Litigation and Related Litigation pursuant to 29 U.S.C. § 216(b) are listed in **Exhibit A** hereto.

3.5 – Settlement Distribution.  The Net Settlement Fund shall be allocated to Settlement Class Members who timely and properly negotiate the Settlement Distribution Checks.  Each Settlement Class Member shall receive his or her *pro rata* share of the Net Settlement Fund, calculated by dividing the number of workweeks between June 22, 2008 and February 20, 2011 (the "Class Period") in which he/she worked overtime hours – according to the business records of the Defendants – by the total number of workweeks during the Class Period in which all Settlement Class Members worked overtime hours, adjusting for any applicable minimum wage requirements.

3.6 – Settlement Administration.  The costs of settlement administration shall not exceed $40,000 and shall be paid from the Gross Settlement Amount.  The Parties shall mutually select a third party settlement administrator (the "Administrator"), which shall be responsible for administering the Settlement, sending the Class Notice, and distributing payments to the Named Plaintiff, Opt-In Plaintiffs, the other Settlement Class Members, and Class Counsel.  The Named

8

Plaintiff, Opt-In Plaintiffs, and other Settlement Class Members shall each receive only one

check, regardless of whether they are receiving Service Payments in addition to back pay

pursuant to Subsection 3.5.  The Administrator's communications with Plaintiffs and the other

Settlement Class Members shall be by first-class mail, postage prepaid.  If necessary, the

Administrator shall perform one "skip trace" for any Opt-In Plaintiff or Settlement Class

Member for whom a mailing hereunder is undeliverable.  The Administrator shall set up a

"reverse positive pay system" in which banks send the Administrator images of the front and

back of each check cashed by the Opt-In Plaintiffs and Settlement Class Members before

transferring funds to the bank where the check was cashed, so that the Administrator can

determine whether any such checks have been modified or altered.  If any checks cashed by the

Opt-In Plaintiffs and Settlement Class Members have been modified or altered, Defendants shall

have the right to void the payment as to that Opt-In Plaintiff or Settlement Class Member.  The

Administrator shall use its best efforts to keep the administrative costs at or below $40,000.00,

but in the event the costs exceed that amount, such costs shall not cause either the Gross

Settlement Amount or Defendants' payment obligations hereunder to increase.

      3.7 – Notice Procedure.  A Class Notice substantially in the form as **Exhibit B** hereto, as

approved by the Court, together with a Settlement Distribution Check, shall be sent by the

Administrator to Plaintiffs and the other Settlement Class Members within seven (7) calendar

days after the Effective Date of Approval.  Class Counsel and the Administrator shall ensure that

the Notice and a Settlement Distribution Check are sent to the Named Plaintiff, all Opt-In

Plaintiffs, and the other Settlement Class Members.

13392906v.1

3.8 – <u>Payment Of Settlement Proceeds</u>.  Defendants will pay the Administrator the Gross Settlement Amount within five (5) days following the Effective Date of Approval as set forth in Subsection 8.6.

3.9 – <u>Acceptance of Settlement by Plaintiffs and Settlement Class Members</u>.  Each Plaintiff and Settlement Class Member shall have forty-five (45) days from the check date to accept the Settlement by presenting the check issued to him/her by the Administrator for payment and endorsing the release of claims and (if applicable) FLSA § 216(b) opt-in language on the reverse side of the check without any alteration whatsoever.  Any alteration by a Plaintiff or Settlement Class Member shall render the payment to that Plaintiff null and void.  The Administrator shall take steps to ensure that no funds are paid to any Plaintiff or Settlement Class Member who presents for payment a check that has been altered by the Plaintiff or Settlement Class Member other than through an unconditional endorsement thereof.

3.10 – <u>Tax Reporting.</u>  Payments to Plaintiffs and other Settlement Class Members shall be treated as wage income and reported on Forms W-2 prepared and issued by the Administrator. Payments to Class Counsel in respect of attorneys' fees and costs shall be reported on a Form 1099-MISC prepared and issued by the Administrator to Class Counsel.

## **SECTION IV – RELEASES**

### **A.      By Named Plaintiff**

4.1 – <u>General Waiver And Release Of All Claims</u>.

4.1.1      With the exception of rights under this Agreement, the Named Plaintiff hereby releases Defendants, their parents, divisions, subsidiaries, predecessors, successors, directors, officers, members, fiduciaries, insurers, employees, attorneys, and agents (collectively, "Released Parties") from any and all liability, actions, claims, damages, expenses or costs for any event or occurrence up to the date the Named Plaintiff executes this Agreement.  This release

10

includes, but is not limited to, any action or claim under any and all causes of action, whether known or unknown, that arise out of, or relate to in any way to, the facts alleged and/or that were or could have been asserted in the Litigation or the Related Litigation, including but not limited to claims under the Fair Labor Standards Act, any applicable state wage and hour laws, and any common law claim or alleged duty, except for claims for workers' compensation, unemployment insurance, other pending charges or cases as of March 15, 2011, any claims or proceedings necessary to enforce the provisions of this Agreement, and claims that cannot be waived as a matter of law.

4.1.2    It is understood and agreed that this General Waiver and Release constitutes a full and final release covering all known, unknown, anticipated and unanticipated injuries, debts, claims or damages to the Named Plaintiff which have arisen, or may have arisen, as well as those injuries, debts, claims or damages not known or disclosed which have arisen, or may have arisen, from the beginning of the world up to the date of the endorsement of the settlement payment check.  The Named Plaintiff further waives any and all rights or benefits which the Named Plaintiff does not know or expect to exist at the time of his execution of this Agreement which, if known by him, would have materially affected this settlement with Defendants.  The Named Plaintiff agrees that this is a complete and final settlement and specifically affirms his intention to release not only those claims against Defendants and the Released Parties which the Named Plaintiff knows about, but also those claims about which the Named Plaintiff does not know.

4.1.3    The Named Plaintiff also agrees that the consideration provided pursuant to this Agreement, including that described in Subsection 3.1 above, is in full and complete satisfaction of any claims related to or arising out of his employment by Defendants up to the

11

date of the endorsement of the settlement payment check.  The Named Plaintiff also acknowledges that he has been paid properly for all hours worked.  THE NAMED PLAINTIFF UNDERSTANDS THAT, BY ENTERING INTO THIS SETTLEMENT AGREEMENT, HE NO LONGER HAS THE RIGHT TO ASSERT ANY CLAIM OR LAWSUIT OF ANY KIND ATTEMPTING TO RECOVER MONEY OR ANY OTHER RELIEF AGAINST DEFENDANTS OR THE RELEASED PARTIES FOR ALLEGED ACTS OR INJURIES RELATED TO OR ARISING OUT OF ANY ACTS OR OMISSIONS BY DEFENDANTS OCCURRING BEFORE THE DATE THE NAMED PLAINTIFF EXECUTES THIS AGREEMENT.

       4.2 – <u>California Plaintiffs Only – Release Of Unknown Claims</u>. To the fullest extent permitted by law, the Named Plaintiff waives and relinquishes any and all rights or benefits he has or may have under California Civil Code Section 1542, or any comparable provision of state or federal law, with regard to the Settled Claims.  California Civil Code Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The Named Plaintiff acknowledges that he is aware that he or his attorneys may hereafter discover claims or facts in addition to or different from those now known or believed to be true with respect to the subject matter of this Agreement and/or the claims.  The Named Plaintiff acknowledges that he intends to and will fully, finally, and forever settle and release any and all claims described herein, whether known or unknown, suspected or unsuspected, which now exist, hereinafter may exist, or heretofore may have existed.  In furtherance of this intention, the releases contained in this Agreement shall be and remain in effect as full and complete releases of the claims by the Named Plaintiff without regard to the subsequent discovery or existence of such different or additional claims or facts.

12

4.3 – <u>Covenant Not To Sue</u>.  A "covenant not to sue" is a legal term which means that Plaintiffs promise not to file any lawsuits against Defendants or the Released Parties.  It is different from the General Waiver and Release of All Claims contained in Subsection 4.2.  In addition to waiving and releasing the claims covered by Subsection 4.2, the Named Plaintiff agrees never to sue Defendants or any of the Released Parties in any forum for claims, laws, or theories covered by the General Waiver and Release of All Claims language in Subsection 4.2 up to the date of execution of this Agreement.  The Named Plaintiff agrees that any such claim, if filed, shall be immediately dismissed with prejudice upon request by Defendants or the Released Parties (as applicable).

4.4 – <u>Liability for Attorneys' Fees.</u>  If the Named Plaintiff sues or file a claim against Defendants or any of the Released Parties in violation of this Agreement, the Named Plaintiff shall be liable to Defendants and/or the Released Parties (as applicable) for its/their reasonable attorneys' fees in defending against such suit or claim.  As indicated above, it would not violate any part of this Agreement to sue Defendants to enforce this Agreement.

### B.     <u>By Opt-In Plaintiffs</u>

4.5 – <u>Presentation of Check for Payment</u>.   Upon the Effective Date of Approval of the Agreement, and except as to such rights or claims as may be created by the Agreement, all Opt-In Plaintiffs who receive Service Payments as set forth in Subsection 3.4 and subsequently cash their checks agree that by endorsing and cashing the check, they shall be bound by the language printed on the back of their check, which shall state, in substantially similar form, the following:

13392906v.1

---

**POSITIVE I.D. REQUIRED**

---

THIRD PARTY ENDORSEMENT PROHIBITED

ENDORSEMENT BY NAMED PAYEE IS
REQUIRED

This instrument is void if not cashed before
_____, 2011.

Payee accepts this payment in full satisfaction of his or
her portion of the judgment in *Stewart v. Prince
Telecom, Inc.* (S.D.N.Y.), or *Black v. Broadband
Express, LLC*, (S.D. Fla.). Endorsement or negotiation
of this instrument constitutes full acceptance by payee
and payee's successors and assigns of all the terms and
conditions of the Settlement Agreement as approved by
the Court, including but not limited to the General
Waiver and Release of All Claims and Covenant Not to
Sue included in the Settlement Agreement and
reproduced in the Notice Of Proposed Collective
Action Settlement.

[NAME OF PAYEE]

X_____
_____
SIGNATURE OF PAYEE

---

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE – RESERVED FOR FINANCIAL
INSTITUTION USE.

All Opt-In Plaintiffs who submit timely claims for payment are agreeing to be bound by the

General Waiver And Release Of All Claims in Subsection 4.6 and the Covenant Not To Sue in

Subsection 4.8 hereto.

      4.6 – <u>General Waiver And Release Of All Claims</u>.

         4.6.1    With the exception of rights under this Agreement, the Opt-In Plaintiffs

hereby release Defendants, their parents, divisions, subsidiaries, predecessors, successors,

directors, officers, members, fiduciaries, insurers, employees, attorneys, and agents (collectively,

"Released Parties") from any and all liability, actions, claims, damages, expenses or costs for any

event or occurrence up to the date of the endorsement of their settlement payment check as

provided for Subsection 4.5 of this Agreement.  This release includes, but is not limited to, any

action or claim under any and all causes of action, whether known or unknown, that arise out of,

or relate to in any way to, the facts alleged and/or that were or could have been asserted in the

14

Litigation or the Related Litigation, including but not limited to claims under the Fair Labor

Standards Act, any applicable state wage and hour laws, and any common law claim or alleged

duty, except for claims for workers' compensation, unemployment insurance, other pending

charges or cases as of March 15, 2011, any claims or proceedings necessary to enforce the

provisions of this Agreement, and claims that cannot be waived as a matter of law.

   4.6.2  It is understood and agreed that this General Waiver and Release

constitutes a full and final release covering all known, unknown, anticipated and unanticipated

injuries, debts, claims or damages to the Opt-In Plaintiffs which have arisen, or may have arisen,

as well as those injuries, debts, claims or damages not known or disclosed which have arisen, or

may have arisen, from the beginning of the world up to the date of the endorsement of the

settlement payment check.  The Opt-In Plaintiffs further waive any and all rights or benefits

which the Opt-In Plaintiffs do not know or expect to exist at the time of their execution of this

Agreement which, if known by them, would have materially affected this settlement with

Defendants.  The Opt-In Plaintiffs agree that this is a complete and final settlement and

specifically affirm their intention to release not only those claims against Defendants and the

Released Parties which the Opt-In Plaintiffs know about, but also those claims about which the

Opt-In Plaintiffs do not know.

   4.6.3  The Opt-In Plaintiffs also agree that the consideration provided pursuant

to this Agreement, including that described in Subsection 3.1 above, is in full and complete

satisfaction of any claims related to or arising out of their employment by Defendants up to the

date of the endorsement of the settlement payment check.  The Opt-In Plaintiffs also

acknowledge that they have been paid properly for all hours worked.  THE OPT-IN

PLAINTIFFS UNDERSTAND THAT, BY ENTERING INTO THIS SETTLEMENT

13392906v.1

AGREEMENT, THEY NO LONGER HAVE THE RIGHT TO ASSERT ANY CLAIM OR

LAWSUIT OF ANY KIND ATTEMPTING TO RECOVER MONEY OR ANY OTHER

RELIEF AGAINST DEFENDANTS OR THE RELEASED PARTIES FOR ALLEGED ACTS

OR INJURIES RELATED TO OR ARISING OUT OF ANY ACTS OR OMISSIONS BY

DEFENDANTS OCCURRING BEFORE THE DATE THE OPT-IN PLAINTIFFS ENDORSE

THEIR SETTLEMENT PAYMENT CHECKS.

      4.7 – <u>California Plaintiffs Only – Release Of Unknown Claims</u>. To the fullest extent

permitted by law, the Opt-In Plaintiffs waive and relinquish any and all rights or benefits they

have or may have under California Civil Code Section 1542, or any comparable provision of

state or federal law, with regard to the Settled Claims.  California Civil Code Section 1542

provides:

> A general release does not extend to claims which the creditor does not know or
> suspect to exist in his favor at the time of executing the release, which if known
> by him must have materially affected his settlement with the debtor.

The Opt-In Plaintiffs acknowledge that they are aware that they or their attorneys may hereafter

discover claims or facts in addition to or different from those now known or believed to be true

with respect to the subject matter of this Agreement and/or the claims.  The Opt-In Plaintiffs

acknowledge that they intend to and will fully, finally, and forever settle and release any and all

claims described herein, whether known or unknown, suspected or unsuspected, which now

exist, hereinafter may exist, or heretofore may have existed.  In furtherance of this intention, the

releases contained in this Agreement shall be and remain in effect as full and complete releases

of the claims by the Opt-In Plaintiffs without regard to the subsequent discovery or existence of

such different or additional claims or facts.

      4.8 – <u>Covenant Not To Sue</u>.  A "covenant not to sue" is a legal term which means that

Plaintiffs promise not to file any lawsuits against Defendants or the Released Parties.  It is

16

different from the General Waiver and Release of All Claims contained in Subsection 4.6.  In addition to waiving and releasing the claims covered by Subsection 4.6, the Opt-In Plaintiffs agree never to sue Defendants or any of the Released Parties in any forum for claims, laws, or theories covered by the General Waiver and Release of All Claims language in Subsection 4.6 up to the date of execution of this Agreement.  The Opt-In Plaintiffs agree that any such claim, if filed, shall be immediately dismissed with prejudice upon request by Defendants or the Released Parties (as applicable).

    4.9 – <u>Liability for Attorneys' Fees.</u>  If any Opt-In Plaintiff sues or file a claim against Defendants or any of the Released Parties in violation of this Agreement, that Opt-In Plaintiff shall be liable to Defendants and/or the Released Parties (as applicable) for its/their reasonable attorneys' fees in defending against such suit or claim.  As indicated above, it would not violate any part of this Agreement to sue Defendants to enforce this Agreement.

**C.     By All Other Settlement Class Members**

    4.10 – <u>Release and Consent to Opt-In</u>.  Upon the Effective Date of Approval of the Agreement, and except as to such rights or claims as may be created by the Agreement, all Settlement Class Members who receive payments from the Net Settlement Fund and subsequently cash their payment checks agree that upon cashing the check, they shall be bound by the release and consent to opt-in printed on the back of their check, which shall state, in substantially identical form, the following:

**POSITIVE I.D. REQUIRED**

THIRD PARTY ENDORSEMENT PROHIBITED

ENDORSEMENT BY NAMED PAYEE IS REQUIRED

This instrument is void if not cashed before _____, 2011.

1. <u>CONSENT TO JOIN</u>

I hereby consent to join the lawsuit captioned *Stewart v. Prince Telecom, Inc.*, C.A. No. 10 CV 4881 (AKH)

17

GWG) (S.D.N.Y.) ("*Stewart*"), as a party plaintiff for purposes of the claims asserted against Defendants therein under the Fair Labor Standards Act.  I am or was employed as an Installation Technician by Prince Telecom, LLC, Broadband Express, LLC, or Cavo Broadband Communications between June 22, 2008 and February 20, 2011.

2.  RELEASE OF CLAIMS

I accept this payment in full satisfaction of my portion of the settlement in *Stewart*.  My endorsement or negotiation of this instrument constitutes full acceptance by me and my successors and assigns of all the terms and conditions of the Settlement Agreement in *Stewart*, as approved by the Court, including but not limited to the Waiver, Release, and Covenant Not to Sue included in the Settlement Agreement and reproduced in the Notice Of Proposed Collective Action Settlement.

[NAME OF PAYEE]

X_____
   SIGNATURE OF PAYEE

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE – RESERVED FOR FINANCIAL INSTITUTION USE

All Settlement Class Members who submit claims for payment from the Net Settlement Fund are agreeing to be bound by the Waiver And Release By Settlement Class Members and Covenant Not To Sue in Subsections 4.11 and 4.12 hereto.

4.11 – <u>Waiver and Release By Settlement Class Members</u>.  With the exception of rights under this Agreement, the Settlement Class Members hereby release the Released Parties from any and all liability, actions, claims, damages, expenses or costs of whatever nature, including attorneys' fees and costs, related to or arising out of all claims for unpaid wages under state and federal laws (collectively, the "Settled Claims") up to the date of the endorsement of their settlement payment check as provided for Subsection 4.10 of this Agreement.  This release extends to all claims, debts, liabilities, demands, obligations, guarantees, penalties, costs, expenses, attorneys' fees, damages, actions, or causes of action of every type and description, of whatever kind or nature, whether known or unknown, that were alleged or could have been alleged in the Litigation and the Related Litigation, that relate to the Settled Claims.

18

4.12 – <u>Covenant Not To Sue</u>.  A "covenant not to sue" is a legal term which means that Plaintiffs promise not to file any lawsuits against Defendants or the Released Parties.  It is different from the Release contained in Subsection 4.11.  In addition to waiving and releasing the claims covered by Subsection 4.11, Settlement Class Members agree never to sue Defendants or any of the Released Parties in any forum for claims, laws, or theories covered by the Release language in Subsection 4.11 up to the date of execution of this Agreement.  The Settlement Class Members agree that any such claim, if filed, shall be immediately dismissed with prejudice upon request by Defendants or the Released Parties (as applicable).

4.13 – <u>California Settlement Class Members Only – Release Of Unknown Claims</u>. To the fullest extent permitted by law, the Settlement Class Members waive and relinquish any and all rights or benefits they have or may have under California Civil Code Section 1542, or any comparable provision of state or federal law, with regard to the Settled Claims.  California Civil Code Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The Settlement Class Members acknowledge that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those now known or believed to be true with respect to the subject matter of this Agreement and/or the claims.  The Settlement Class Members acknowledge that they intend to and will fully, finally, and forever settle and release any and all claims described herein, whether known or unknown, suspected or unsuspected, which now exist, hereinafter may exist, or heretofore may have existed.  In furtherance of this intention, the releases contained in this Agreement shall be and remain in effect as full and complete releases of the claims by the Settlement Class Members without regard to the subsequent discovery or existence of such different or additional claims or facts.

19

## SECTION V – TERMINATION OF THE SETTLEMENT AGREEMENT

5.1 – <u>Failure To Approve Or Dismiss</u>.  If the Court, for any reason, does not approve the Agreement in substantially the form set forth herein, or if the Court or the courts in the Related Litigation for any reason fails to enter a judgment and dismissal with prejudice of the Litigation and/or the Related Litigation, or if such judgment and dismissal is reversed, modified, or declared or rendered void, on appeal or otherwise, then the entire Agreement will be null and void.

5.2 – <u>Inter-Relationship With The Related Litigation</u>.  The Parties agree that Defendants are not willing to and have not agreed to settle the Litigation or the Related Litigation separately. The Settlement of the Litigation is dependent upon the dismissal of the claims with prejudice in the Related Litigation and the termination of the Related Litigation in full.

5.3 – <u>Effect Of Termination</u>.  If the Agreement is rendered null and void, or otherwise terminated according to terms set forth herein, the Agreement shall have no force or effect, and no Party shall be bound by any of its terms.  In such event, (i) neither this Settlement, nor any of the related negotiations or proceedings, shall be of any force or effect; (ii) all Parties shall stand in the same position, without prejudice, as if the Agreement had not been entered or filed with the Court; (iii) nothing in this Agreement shall be admissible for any purpose, including without limitation in connection with Defendants' rights under 29 U.S.C. § 216(b) and/or Fed.R.Civ.P. 23, to contest conditional or class certification in the Litigation, the Related Litigation, or any other legal action asserting substantially the same claims as those asserted in the Litigation or the Related Litigation; and (iv) Defendants shall have no obligation to make any payment to Class Counsel or to any Plaintiff or Settlement Class Member.

5.4 – <u>The Settlement Is Non-Admissible</u>.  Neither this Agreement, nor any ancillary documents, actions, statements or filings in furtherance of settlement shall be admissible or

13392906v.1

offered into evidence in the Litigation, the Related Litigation, or any other action for any purpose

whatsoever, except to seek enforcement of the terms of the Agreement.

## SECTION VI – WARRANTIES

6.1 – <u>Capacity Of The Parties</u>.  The signatories represent that they have the full power,

capacity, and authority to enter into this Agreement and bind the Parties to its terms and

conditions and that no portion of any claim, right, demand, action, or cause of action that

Plaintiffs have or might have had arising out of the acts, events, transactions, and occurrences

referred to herein have been assigned, transferred, or conveyed to any person not a party to this

Agreement, by way of subrogation, operation of law, or otherwise, and that no additional

releases or settlement agreements are necessary or need to be obtained from any other person or

entity to release and discharge completely any of Plaintiffs' claims released in this Agreement.

Class Counsel and the Named Plaintiff represent the Settlement Class and, through this

Agreement, bind the members of the Settlement Class to its terms.

6.2 – <u>Binding On Plaintiffs</u>.  Plaintiffs represent and warrant that they understand that if

the facts upon which the Agreement are found hereafter to be different from the facts now

believed to be true, this Agreement will remain binding and effective and the Parties expressly

accept and assume the risk of such possible differences and agree that this Agreement shall

remain binding and effective, notwithstanding any such potential differences.

## SECTION VII – DENIAL OF LIABILITY

7.1 – This Agreement is a compromise of disputed claims.  Defendants deny any and all

allegations of wage & hour violations, wrongdoing, or illegal conduct alleged by Plaintiffs in the

Litigation and the Related Litigation.  The exchange of consideration by virtue of this Agreement

and any other acts, omissions, or statements by the Parties are not to be construed as any

admission of liability of any Party for any claims or defenses, with liability being expressly

21

13392906v.1

denied.  Neither this Agreement nor anything contained in the Agreement, the settlement proposals exchanged by the Parties, or any motions or Orders filed or entered pursuant to the Agreement shall be interpreted or construed as an admission or concession of liability, culpability, or wrongdoing by Defendants or a concession of any allegations of liability, culpability, or wrongdoing by Plaintiffs.

7.2 – In particular, Plaintiffs and Class Counsel recognize and acknowledge that Prince Telecom LLC, Broadband Express LLC, and Cavo Broadband Communications LLC have made significant changes to their wage and hour/overtime pay compliance programs so as to ensure that employees are compensated for all time worked and that the Philadelphia office of the U.S. Department of Labor Wage and Hour Division found, after a full wage and hour compliance investigation of Prince Telecom's operations in New Castle, Delaware, that the company was in full compliance.

## SECTION VIII – GENERAL PROVISIONS

8.1 – <u>Entire Agreement</u>.  This Agreement constitutes the entire agreement of the Parties hereto with respect to all of the matters addressed herein, and supersedes all prior or contemporaneous discussions, communications, or agreements, expressed or implied, written or oral, by or between the Parties.

8.2 – <u>Governing Law</u>.  This Agreement shall be interpreted and governed according to the law of the State of New York, except to the extent superseded by federal law.

8.3 – <u>Binding On Successors</u>.  The provisions of the Agreement and releases shall be binding upon and shall inure to the benefit of the successors, assigns, and administrators of the respective Parties.

8.4 – <u>No Amendment Without A Writing</u>.  The Parties hereto agree that no amendment or modification of this Agreement shall be binding unless made in writing, signed by the Parties,

22

and approved by the Court.  Any waiver of the breach of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach.

8.5 – <u>Defendants' Motion To Enjoin Future Litigation.</u>  Plaintiffs and Class Counsel agree not to oppose any motion filed by Defendants under 28 U.S.C. § 1651(a) to enjoin any Plaintiff(s) from initiating any action in any court based on the same allegations in the Litigation and the Related Litigation and relating to events occurring up to and through the date the Litigation and the Related Litigation are dismissed.

8.6 – <u>Effective Date Of Approval.</u>  This Agreement shall be effective and enforceable on the date on which the last judgment by the last Court finally approving this Agreement (finding this Agreement to be a fair and reasonable settlement and dismissing the Litigation with prejudice) and the settlement agreements in the Related Litigation are no longer appealable (*i.e.*, the thirty-first (31st) day after entry of judgment), or if an appeal has been filed, the date on which the appeal and any subsequent proceedings are final.

8.7 – <u>Notice.</u>  Unless otherwise specifically provided, all notices, demands, or other communications in connection with this Agreement shall be:  (a) in writing; (b) deemed given on the third business day after mailing; and (c) sent via United States mail, addressed as follows:

    8.8.1 <u>To the Named Plaintiff, Opt-In Plaintiffs or the Settlement Class Members</u>:

> Gregg I. Shavitz
> Shavitz Law Group, P.A.
> 1515 S. Federal Highway, Suite 404
> Boca Raton, FL  33432
> gshavitz@shavitzlaw.com

    8.8.2  <u>To Defendants</u>:

> Gerald L. Maatman, Jr.
> Seyfarth Shaw LLP
> 131 South Dearborn Street
> Suite 2400

23

Chicago, IL  60603
gmaatman@seyfarth.com

8.8 – <u>Construction And Interpretation</u>.  The Parties agree that the terms and conditions of this Agreement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Agreement shall not be construed in favor of or against any of the Parties by reason of their participation in the drafting of this Agreement.  Section titles and headings are inserted as a matter of convenience and for reference and in no way define, limit, extend, or describe the scope of this Agreement or any of its provisions.  Each term of this Agreement is contractual and not merely a recital.

8.9 – <u>Media, Confidentiality, And Non-Disparagement Obligations</u>.  Plaintiffs agree not to make, publish or state, or cause to be made, published or stated, any defamatory or disparaging statement, writing or communication pertaining to the character, reputation, business practices, competence or conduct of Defendants or any of the Released Parties.  The Parties acknowledge that this Subsection will not inhibit Plaintiffs' truthful testimony under oath pursuant to a valid and enforceable subpoena in any judicial or administrative proceeding, provided Plaintiffs provide a copy of such subpoena to Defendant Dycom Industries, Inc.'s General Counsel at least five (5) business days before giving any such testimony.

8.10 – <u>Representations of Class Counsel</u>.  As a material inducement for Defendants to enter into this Agreement, Class Counsel, on behalf of itself and all of its lawyers, staff, and any other lawyer or law firm with which it is affiliated, hereby represents that it:  (a) does not currently represent and is not currently aware of any other employee or former employee of any of the Defendants who is considering bringing or intends to bring a claim or claims similar to those asserted in the Litigation and the Related Litigation; (b) is not actively seeking or encouraging any other employee or former employee of any of the Defendants to bring or assert

24

such claims; (c) is not currently publicizing, either electronically (e.g., through a firm-sponsored Website or on Facebook, Twitter or the like) or by any other means, and will not publicize, this Agreement, the Litigation and Related Litigation, and/or the claims asserted in the Litigation and Related Litigation; (d) has not contacted any representative of the media (e.g., press, TV, radio, Internet), and has not made any press release, public statement, or statement to any third party, concerning this Agreement, and will not do so in the future; and (e) in the event that it is are retained by another employee or former employee of Defendants seeking legal representation in connection with a claim or claims similar to those that were asserted in the Litigation and Related Litigation, it will, subject to such individual's approval, notify counsel for Defendants so as to provide Defendants the opportunity to discuss the possible resolution of the matter prior to the filing of any claim or lawsuit.

8.11 – <u>Counterparts</u>.  This Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties.  A facsimile, digital image, or copy of this Agreement shall have the full force and effect of, and be admissible as, an original.

8.12 – IN WITNESS THEREOF, the Parties hereto and their counsel have executed the Agreement as of the date specified below.

*[Signature Pages to Follow]*

25

SEYFARTH SHAW LLP

DATED:_____, 2011       _____

                                   Gerald L. Maatman, Jr.
                                   Defendants' Counsel

                                   SHAVITZ LAW GROUP P.A.

DATED:_____, 2011       _____

                                   Gregg I. Shavitz
                                   Class Counsel

                                   DYCOM INDUSTRIES, INC.

DATED:_____, 2011       _____

                                   Name: Tim Estes
                                   Title: Chief Operating Officer

                                   PRINCE TELECOM, LLC

DATED:_____, 2011       _____

                                   Name: John Kuhn
                                   Title: President

                                   BROADBAND EXPRESS, LLC

DATED:_____, 2011       _____

                                   Name: John Kuhn
                                   Title: President

                                   CAVO BROADBAND COMMUNICATIONS,
                                   LLC

DATED:_____, 2011       _____

                                   Name: William Valentino
                                   Title: President

DATED:_____, 2011      _____

                                        Khalid Stewart
                                        Named Plaintiff

Exhibit A

List Of Opt-Ins Of Record In The Litigation and Related Litigation

1.      Aaron Harris

2.      Andres Clavijo, Jr.

3.      Antonio Dieujuste

4.      Barry Moyer

5.      Brian DiAngelo

6.      Bryan Breeze

7.      Carl W. Gerringer

8.      Cody Owens

9.      Curtis Woods

10.     Dale Morgan

11.     Damian Robinson

12.     David Murry

13.     Dwight Thompson

14.     Edward Morris

15.     Eric Moore

16.     Geoffrey Ventura

17.     James Salter, Jr.

18.     Javier Ramos

19.     Jermaine Skinner

20.     Johhny Spencer

21.     Julian Garroway

22.     Makenson Lorgeat

23.    Manno Barthelemy

24.    Maurice Bryant

25.    Michael Gonzales

26.    Michael Wojciewchowski

27.    Mikel Jean Sajouste

28.    Nat Dalce

29.    Osei Jeremiah

30.    Randy Pearson

31.    Riley J. Seaberry

32.    Rodolfo Vizcaino

33.    Ryan Martin

34.    Sean Stewart Smith

35.    Silbert Gray

36.    Teron Brathwaite

37.    Vincent Charles

38.    Vladimir Etienne

39.    Wayne Coulter

Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

# IF YOU ARE OR WERE AN INSTALLATION TECHNICIAN FOR PRINCE TELECOM, LLC, BROADBAND EXPRESS, LLC, OR CAVO BROADBAND COMMUNICATIONS, LLC, THE SETTLEMENT OF A LAWSUIT MAY AFFECT YOUR RIGHTS.

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**Please read this notice carefully and in full.  Your rights may be affected.  The Notice describes a settlement and related maters, including the procedures for seeking to share in the monies from a Settlement Fund.**

Several persons (the "Plaintiffs") who are current or former Installation Technicians for Prince Telecom, LLC ("Prince"), Broadband Express, LLC ("Broadband"), and Cavo Broadband Communications, LLC ("Cavo") have sued Prince, Broadband, Cavo, and their corporate parent Dycom Industries, Inc., ("Dycom"), in three separate lawsuits alleging they were denied overtime compensation.  No Court has decided whether the Plaintiffs' claims have any merit. However, the parties have reached agreement on a settlement of all three lawsuits.  You are receiving this notice because your legal rights may be affected by this settlement, and you have a choice to make:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **1. PARTICIPATE IN THE PROPOSED SETTLEMENT:** | **Participate in the proposed settlement by signing and cashing the enclosed check.  Give up the right to sue Prince, Broadband, Cavo, or Dycom for these matters on your own.** |
| | If you choose to participate in the proposed settlement, you will receive money from the settlement. But, you will give up any rights to sue any of the Defendants separately for the same legal claims in a different lawsuit. |
| **2. DO NOTHING:** | **Choose not to participate and get no payment from the settlement. Keep the right to sue Prince, Broadband, Cavo, or Dycom for these matters on your own.** |
| | If you do not sign and cash the enclosed check within forty-five (45) days, you will not be able to later ask for a share of the monetary amount being paid in the settlement.  It is possible that if you do not participate in the settlement, and you do not sue any of the Defendants on your own within the required legal time period, you will lose your right to bring those claims. |

13392895v.1

This Notice further explains your options.  To opt-in to this settlement, you must cash the check enclosed with this Notice before it expires, and endorse the statement on the back of the check without any alteration whatsoever.

Any questions?  Read on and/or call the attorneys for the class, the Shavitz Law Group, P.A. at (561) 447-8888.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**

    Why did I get this notice?
    What is this lawsuit about?
    What is a collective action and who is involved?
    Why is this lawsuit a collective action?
    What are the Plaintiffs asking for?
    Has the Court decided who is right?
    Is there any money available now?
    Who is in the Class?

**SUMMARY OF SETTLEMENT TERMS**

**YOUR RIGHTS AND OPTIONS**

    What happens if I participate in to the Settlement?
    What happens if I do nothing

**THE LAWYERS REPRESENTING THE CLASS**

    Do I have a lawyer in this case?
    Should I get my own lawyer?
    How will the lawyers be paid?

**GETTING MORE INFORMATION**

    How can I learn more?

13392895v.1

# A.   BASIC INFORMATION

## 1.   Why did I get this notice?

You got this notice because, as part of one the lawsuits known as *Stewart, et al. v. Prince Telecom., Inc., et al.*, Case No. 10 CV 4881 (AKH) (GWG) (S.D.N.Y. filed June 23, 2010) and *Black, et al. v. Broadband Express, LLC*, Case No. 10-23266-CIV-UNGARO/TORRES (S.D. Fla.), you were identified by company records as someone who may be among the individuals entitled to participate in this settlement.   (Both cases are referred to in this Notice as the "Lawsuits.")   Judge Alvin K Hellerstein of the United States District Court for the Southern District of New York has approved the parties' settlement as fair and reasonable and wishes to inform you of its general terms and of your right to receive payment from a Settlement Fund, if you so desire.

## 2.   What is this lawsuit about?

Federal law requires employers to provide qualified employees with additional compensation for hours worked over 40 in a work week.   This lawsuit is about whether Prince, Broadband, and Cavo properly paid such overtime amounts to Installation Technicians.   The Plaintiffs contend they were not properly paid overtime compensation.   The companies deny this contention.   They contend that they have properly paid overtime in accordance with their obligations under Federal law.   However, the parties have reached a settlement in which you may be eligible to participate if you so desire and if you act timely.

## 3.   What is a collective action and who is involved?

In a collective action lawsuit, one or more people who are called "named plaintiffs" or "class representatives" sue on behalf of themselves and other people who have similar claims. Together, once a Court finds them to be similar, this group of people is called a "collective" or a "class."   The companies they sued (Prince, Broadband, Cavo, and Dycom) are called the "Defendants."   The judge or jury resolves the claims for everyone in the class.   Here, the parties have reached a settlement, approved by the Court, in which you may be eligible to participate if you so desire and if you act timely.

## 4.   Why is this lawsuit a collective action?

A Federal law called the Fair Labor Standards Act (FLSA) allows people to sue their employer on their own behalf, and on behalf of others who decide to join them and contend they are similarly situated.   For settlement purposes, the Court in this case has decided that you, the others who have filed consents to opt-in, and the named plaintiffs are similarly-situated for the purpose of getting a share of the settlement money.

## 5.   What are the Plaintiffs asking for?

The Plaintiffs have asked the Court to authorize a settlement for all eligible class members seeking overtime compensation, although Defendants deny any liability or wrongdoing.

13392895v.1

**6.  Has the Court decided who is right?**

No.  The Court has not yet decided whether the Plaintiffs or Defendants are correct.  By issuing this notice, the Court is not suggesting that Plaintiffs will win or lose the case, or that the Defendants did anything wrong.

**7.  Is there any money available now?**

The Court has granted approval of the Settlement.  Enclosed with this Notice is a check in the amount to which you will be entitled if you choose to participate in the Settlement.  This check is valid and fully negotiable now, but you should read this Notice carefully before cashing it, because if you do so, your legal rights will be affected.

**8.  Who is in the Class?**

All persons who worked ***40 or more hours*** for 5 or more weeks providing telecommunications installation services (whether holding the title of Installation Technician or a similar title) for Prince, Broadband, and/or Cavo, between June 22, 2008 and February 20, 2011, are members of the "Class."  If you meet that description, you are a Class member and entitled to a settlement payment for those workweeks in which company records show you worked at least 40 hours between June 22, 2008 and February 20, 2011.  (Persons who worked for one of those companies in the States of Washington or Oregon are not included in this settlement due to separate litigation concerning those states specifically.  Persons who worked in New Castle, Delaware prior to July 1, 2009 and who signed acknowledgment forms regarding payment for additional hours worked are also not included in this settlement.)

13392895v.1

# B.   SUMMARY OF SETTLEMENT TERMS

Under the Settlement, Defendants have paid a grand total of $544,000.00 into a Settlement Fund. The Settlement Fund has been divided into smaller amounts:

(a) a portion to be paid to Class members who, after receiving this Notice, decide to join the case;

(b) a portion to be paid to Class members who have previously chosen to participate in the Lawsuits by filing a statement with the court of their consent to join the case;

(c) a portion to be paid for the administrative expenses associated with this Settlement; and

(d) a portion to be paid to The Shavitz Law Group, P.A. for all attorneys' fees and expenses incurred in prosecuting the Lawsuits, representing the Class and negotiating and administering the Settlement.

Any funds not claimed by Class members will be retained by the Defendants.

13392895v.1

# C.   YOUR RIGHTS AND OPTIONS

You have to decide whether to participate in the Settlement.

**9.   What happens if I participate in to the Settlement?**

If you opt-in to the settlement, you will be entitled to receive the amount contained in the enclosed check payable to you.  However, you will not be able to sue Prince, Broadband, Cavo, Dycom, or any related companies and individuals, on your own for any legal claims arising out of the payment of wages during your employment up until the date you endorse the check.  The exact text of the release is printed on the back of the enclosed check.  You should read it carefully.  Signing and cashing the check will confirm that you understand and accept the release in exchange for the payment.

**10. What happens if I do nothing?**

If you do not wish to participate in the monetary settlement of the claims against the Defendants, you would do nothing.  If you choose to do nothing, then you will be able to sue on your own and will not be bound by the Court's orders and judgments in this action.  However, you will no longer be represented by the attorneys who brought this case on behalf of the Plaintiffs.  You would have to file your own lawsuit and prove your claims in court.  If you choose to do nothing, you should talk to a lawyer first because your claims may be subject to a statute of limitations.

13392895v.1

## D.   THE LAWYERS REPRESENTING THE CLASS

### 11. Do I have a lawyer in this case?

Yes, if you consent to join the case *by endorsing without alteration and cashing the enclosed check*, the law firm of Shavitz Law Group, P.A. of Boca Raton, Florida represents the class members.  These lawyers are experienced in handling similar cases.

### 12. Should I get my own lawyer?

If you consent to join the case *by endorsing without alteration and cashing the enclosed check*, you do not need to hire your own lawyer because Shavitz Law Group is working on your behalf. But, if you do nothing, you will not be represented by Shavitz Law Group.

### 13. How will the lawyers be paid?

The fees and expenses of the Shavitz Law Group will be paid from the Settlement Fund, and you will not be personally responsible for payment of any fees or expenses for participating in the settlement.

## E.   GETTING MORE INFORMATION

### 14. How can I learn more?

To learn more about this case, you may call class counsel at **(561) 447-8888**, write to Gregg Shavitz, Esq. at **Shavitz Law Group, P.A., 1515 S. Federal Highway, Suite 404, Boca Raton, FL  33432,** email them at gshavitz@shavitzlaw.com or hal.anderson@shavitzlaw.com, or visit their website at www.shavitzlaw.com.

**PLEASE DO NOT CALL OR CONTACT THE COURT, THE OFFICE OF THE CLERK OF COURT, PRINCE TELECOM, BROADBAND EXPRESS, CAVO BROADBAND, OR DYCOM INDUSTRIES WITH QUESTIONS REGARDING THIS NOTICE.**

Dated: _____

_____
Honorable Alvin K. Hellerstein
United States District Court Judge

13392895v.1