UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KHALID STEWART,<br>individually and on behalf of<br>persons similarly situated,<br>　　　　　　　　Plaintiff,<br><br><br>PRINCE TELECOM, INC.,<br>a foreign corporation,<br>DYCOM INDUSTRIES, INC.,<br>a foreign corporation, and<br>XYZ ENTITIES 1-5,<br>(fictitious names of unknown liable entities),<br>　　　　　　　　Defendants. | ECF Case<br><br><br><br><br>CASE NO. 1:10-cv-04881 (AKH) (GWG) |

### SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

　　　　　　　　　　　　　　　　　Gregg I. Shavitz, Esq. (Florida Bar No. 11398)*
　　　　　　　　　　　　　　　　　E-mail: gshavitz@shavitzlaw.com
　　　　　　　　　　　　　　　　　Hal B. Anderson, Esq.(Florida Bar No. 93051)*
　　　　　　　　　　　　　　　　　E-mail: hal.anderson@shavitzlaw.com
　　　　　　　　　　　　　　　　　SHAVITZ LAW GROUP, P.A.
　　　　　　　　　　　　　　　　　1515 S. Federal Hwy., Suite 404
　　　　　　　　　　　　　　　　　Boca Raton, Florida 33432
　　　　　　　　　　　　　　　　　Tel: 561-447-8888; Fax: 561-447-8831
　　　　　　　　　　　　　　　　　COUNSEL FOR PLAINTIFFS
　　　　　　　　　　　　　　　　　* *Admitted Pro Hac Vice*
　　　　　　　　　　　　　　　　　　　- AND -
　　　　　　　　　　　　　　　　　Andrew Sal Hoffmann, Esq. (ASH-5517)
　　　　　　　　　　　　　　　　　E-mail: ashlegal@aol.com
　　　　　　　　　　　　　　　　　WISEMAN & HOFFMANN
　　　　　　　　　　　　　　　　　450 Seventh Ave., Suite 1400
　　　　　　　　　　　　　　　　　New York, NY  10123
　　　　　　　　　　　　　　　　　Tel: 212-679-0400
　　　　　　　　　　　　　　　　　LOCAL COUNSEL FOR PLAINTIFFS

## TABLE OF CONTENTS

| **Caption** | **Page No.** |
|---|---|
| I. Introduction ………………………………………………………………. | 1 |
| II. Analysis of Legal Services Performed ………………………………………… | 3 |
|     A. Client Consents & Counseling ……...……………………….............. | 6 |
|     B. Pleadings …………………………………………………………….. | 7 |
|     C. Analysis & Strategy ……………………………………………............ | 8 |
|     D. Discovery ……………………………………………………............ | 9 |
|     E. Class Certification…………………………………………….............. | 11 |
|     F. Other Pretrial Motions ……………..…………………………............. | 12 |
|     G. Other Pretrial Proceedings………..……………………………............ | 12 |
|     H. Settlement …………………………………………………............. | 12 |
| III. Application & Loadstar ………………………………………………………… | 14 |
| IV. Conclusion …………….……………………………………………………… | 16 |

Pursuant to Federal Rule 54, the Court's approval (D.E. 74) of the class-based settlement of this collective action under section 216(b) of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the further instructions of the Court, the counsel for Plaintiff, Khalid Stewart, individually and on behalf of others similarly situated ("Plaintiff's Counsel"), provides this supplemental memorandum of law in support of Plaintiff's unopposed Motion for Attorney's Fees and Costs (D.E. 77).

## I.     Introduction

Plaintiff's Counsel seeks fees and costs for the proceedings necessary to litigate and obtain a successful, court-approved resolution of this collective action.  Title 29 U.S.C. sec. 216(b) authorizes an award of attorney's fees to the prevailing plaintiff in any proceeding to enforce  sec. 206 (minimum wage) and sec. 207 (overtime) of the FLSA.  The instant case involved allegations of unpaid overtime by Plaintiff, a former technician of Defendants, principally due to working through lunches, the time for which was deducted and not credited and paid.   Once filed, during the next 9 months Plaintiff was joined by 29 additional technicians, making similar allegations.  These developments, extensive written discovery, and intensive settlement efforts and analyses, resulted in the present settlement for the benefit of the class of 3,692 class members, which has been approved.  (D.E. 74).  What remains is the resolution of the attorney's fees and costs in order to calculate and disburse the settlement funds.  In a nutshell, for the work done benefitting the thirty original plaintiffs joining the case and ultimately the class, Plaintiff's Counsel seeks fees equal to 33.33% of the common fund settlement – that is,

$181,315.20 -- or alternatively, counsel's loadstar through August 12, 2011 (the date of approval of the settlement itself)[1] – that is $176,487.50.  (D.E. 77).

Plaintiff's original Memorandum of Law supporting the motion (D.E. 78), explained the justification for applying a percentage of the fund approach to awarding fees that benefit all class members, and also explained the calculation of the loadstar, based upon the backgrounds of the attorneys, the hourly rates sought for each, and the time worked by each.  The verified, detailed time records have already been filed as part of the Declaration of Hal B. Anderson (D.E. 79) in support of the motion. Pursuant to the direction of the Court, this supplemental memorandum provides further analysis concerning the loadstar incurred by the phases (or major activities) in investigating, filing, discovering, litigating, and resolving this collective action.  Plaintiff has also filed an expert opinion from Lloyd R. Ambinder, Esquire to support the appropriateness of the hourly rates sought, which expert testimony is included in this memorandum below for purposes of calculating the loadstar.

Plaintiff's Counsel would also note that substantial, additional time has already been incurred since approval of the settlement due to administering bids for, selecting and contracting with a third party administrator to oversee the settlement.  It is expected that even more time will be incurred in order to oversee the settlement, counsel class members, verify the claims, and ensure proper distribution of the funds.  Per the example provided in the initial memorandum supporting the motion (D.E 78), if it were to take just 30 more attorney hours to meet and communicate with the existing 30 plaintiffs, and if even 5% of class members (185) require an additional half-hour of attorney time on average, the Plaintiff's Counsel will be providing

---

[1] To allow the Court to make a single ruling and have this purely opt-in settlement proceed with all numbers finally determined, Plaintiff's Counsel agreed to cut off its loadstar as of the date of approval, which occurred on August 12, 2011.

additional legal services worth $38,000 to $50,000 (depending on the attorney performing the work) – all at no additional cost to the class or the common fund.  Such estimates of future time to be incurred are realistic and conservative given a class of over 3,000.  However, as noted, because of the interest in facilitating a clean and efficient settlement with fees fully resolved at the time of class notice, Plaintiff's Counsel is not asking for an award of additional time for these substantial tasks.  Rather, Plaintiff's Counsel would submit that this additional work already borne by counsel, and still to be borne by counsel, yields a substantial benefit to the settlement class and weighs substantially in favor of finding the pending attorney's fee request amply fair and reasonable in the context of the total remuneration sought for legal services throughout the entirety of the case.

## II.  Analysis of Legal Services Performed by Phase or Major Activity of the Case

To provide the Court with the requested detail on the legal work performed, Plaintiff's Counsel has sorted the time incurred by each attorney or paralegal according to the following categories of major activities in the case:

- **Client Consents & Counseling**:  Client Consents: investigations, intakes, meetings document review, and client updates and communications

- **Pleadings**:  complaints, summonses, service & returns, appearances & pro hac vice motions, and motions directed at pleadings or service & the related filings, briefing, hearings & research

3

- **Analysis & Strategy**: conferrals and decisions on cost-effective litigation strategy and tactics, informed by related or similar cases and applicable precedent

- **Discovery**: depositions, subpoenas, & all written discovery; discovery motions, filings, briefing, research & hearings; and conferences, communications & reports regarding discovery, disclosures & discovery scheduling

- **Class Certification**: motions, filings, briefing, research & hearings

- **Other Pretrial Motions**: non-discovery, non-trial motions & the related filings, briefing, hearings & research; and pretrial disclosures

- **Other Pretrial Proceedings**: court scheduling conferences, status conferences, case management conferences; and the related communications, motions, filings and research for same

- **Settlement**: negotiations, communications, analyses, and the necessary motions, filings, briefing, research & hearings

Under this framework, this memorandum analyzes the 488.50 billable hours spent by the attorneys and paralegals of the Shavitz Law Group ("SLG") performing these activities for the benefit of the class.[2] The breakdown of hours by the respective activities can be summarized as follows:

---

[2] At all times, 5.60 hours of non-billable work reflected in the summary on the last page of the itemized records, D.E. 79, have been excluded when calculating the loadstar. In the motion, an additional 10 hours of time are sought for the work of local counsel, Attorney Andrew Sal Hoffmann.

4

| HOURS BY PERSON | CATEGORY | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | Client Consents & Counseling | Pleadings | Analysis | Discovery | Certification | Pretrial Motions | Pretrial Proceedings | Settlement |
| Shavitz | 3.1 | 2 | 7 | 7.3 | 14.1 | | 12.8 | 28.8 |
| Hoffmann[3] | | | | | | | | |
| Duignan | | | | 16.9 | | | | |
| Anderson | 25 | 11.8 | 6.2 | 75.4 | 94.7 | 1 | 0.8 | 84.3 |
| Paralegal Zambrano | 13.4 | 8.1 | 0.2 | 32.4 | 15.5 | 0.3 | 3.4 | 9.9 |
| Other Paralegals | 10.2 | | 0.5 | 0.2 | 2.2 | | | 1 |
| **TOTALS** | **51.7** | **21.9** | **13.9** | **132.2** | **126.5** | **1.3** | **17** | **124** |

The work in each category overlaps chronologically, and while there was always a date on which the work started, the overlapping nature of these activities means they cannot be described as discrete phases, one ending before another begins. For example, additional opt-in plaintiffs continued to join the case while discovery was underway, or, as another example, the parties attempted settlement discussions, while discovery was ongoing. Thus, the work performed in each category contributed synergistically to the successful resolution of the case, each in its own way, and the purpose of this analysis is to explain and demonstrate the cost-effective approach employed to litigate this matter to conclusion. The detail on what was accomplished is elaborated below in turn by each category.

---

[3] Plaintiff's Counsel sought ten hours of Attorney Hoffmann's time as local counsel. Because the time was not kept in the SLG system, and because it was such a modest amount of time, it is not analyzed. Essentially, it was incurred in the "Pleadings" category, reviewing and filing the initiating documents, assisting with pro hac vice appearances, and in the "Other Pretrial Proceedings" category, attending the court's status conference. Arguably, a small portion of the approximately 10 hours could be allocated to the Client Consents & Counseling category as part of launching the case with the named Plaintiff

### A. Client Consents & Counseling

SLG attorneys and paralegals spent a combined total of approximately 51.7 hours from the beginning of our investigation through the filing of the complaint, and then continuing to interview new clients and counsel existing clients. At the time of settlement, 29 additional technicians had opted into this lawsuit (and 4 others had been interviewed, consented and then later withdrawn for various reasons.) In addition to the named plaintiff, Khalid Stewart, each client went through one or more intakes or follow-up interviews, investigations of their claims, review of their initial documents, comparison of their story with that of other plaintiffs and discovery to date. The clients interested in joining the lawsuit were each sent necessary paperwork, which was received, reviewed and when appropriate, filed. In the course of these activities, clients frequently had questions that required follow-up by phone, mail, e-mail, and in-person meetings.

In addition, the investigation of the claims in this matter involved identification of, and efforts at communicating with, potential witnesses and putative class members. This work was essential to identifying the systematic nature of the alleged overtime violations – ultimately showing the concern to be one with time deducted for allegedly working lunches. It was also part of identifying the geographic scope of the claim, in the end showing a national scope for all jurisdictions in which the Defendants operated, according to the Plaintiff's view of the case.

Moreover, at every stage from initial interviews through the present day, Plaintiff's Counsel provided regular updates to the existing clients. Plaintiff's Counsel also provided individual updates and counseling, as needed. At times, it was also necessary to interview clients

further to clarify details individually and collectively as the case progressed.  As but one of many examples, and without disclosing specific, confidential communications, when discovery showed that Defendants may have changed their time-keeping systems on one or more occasions, it became important to interact further with the clients to substantiate and explore such emerging facts.  Such follow-up and communication all helped lead to an informed settlement, supported by the existing thirty plaintiffs.

As reflected in the summary chart on page 5 of this memorandum, was conducted primarily by Attorney Anderson, an associate at SLG, who spent about 25 hours on such activities.  Mr. Shavitz, the firm's principal, contributed about 3.1 hours,  Where appropriate, paralegals were involved in these interviewing and communication tasks, under attorney direction, incurring around 23.6 hours of paralegal time to cost effectively conduct this aspect of the case.

### B. Pleadings

Preparing and filing the pleadings in this matter -- including the complaint, summons, service of process, pro hac vice admissions, filings directed at the pleadings, and Defendants' answer -- involved 21.9 hours of SLG attorney and paralegal time.  11.8 hours were incurred by Attorney Anderson, and about 2.0 hours by Gregg Shavitz.  The balance of 8.1 hours was incurred by paralegals, typically in effectuating filings and service and preparing pro hac vice forms, et cetera.  Intrinsic to this process was attorney research on identifying potentially responsible parties, evaluating and crafting class-based allegations for the collective action, and evaluation of possible issues with state claims or jurisdictional issues that could emerge.  Here, for example, Defendant, Dycom, actually has several subsidiaries seemingly performing related cable operations, and obtaining a preliminary understanding of the company, its operations, and

7

its structure all were a fundamental part of commencing litigation.[4]  All steps were a central part of launching the case correctly and ensuring joinder of necessary and appropriate parties.

### C. Analysis & Strategy

The attorneys and paralegals at SLG spent 21.9 hours on analysis and strategy, with about 7 hours spent by Attorney Shavitz and about 6.2 hours spent Attorney Mr. Anderson.  Less than an hour was spent by paralegals assisting in this process, typically pulling dockets, orders or cases for attorney review.  Realistically, this attorney time represents about 7 hours together of planning and conferrals among Mr. Shavitz, as the firm's principal of long experience, and Attorney Anderson, as the primary attorney working on the file.  The purpose was to evaluate and coordinate:  the case and case development, the timing and progress of discovery, the determination of when the case was ripe for moving for class certification, the potential and progress toward settlement, and so forth. There are not lengthy conferences or internal communications; there are not elaborate case planning sessions.  Rather, as part of the firm's effort to litigate matters cost-effectively with time devoted to the substantive work of the case, these activities were kept to a modest amount necessary to shape and prosecute the case.  Plaintiff's Counsel would submit that such a small amount of time out of the 488.5 hours recorded in the case shows great efficiency in handling the case, and is a positive reflection on the experience and skills of the firm's attorneys that enable them to focus the overwhelming bulk of the legal time on the substance of the case itself.

---

[4] As previously noted, the motion seeks fees on behalf of local counsel, Attorney Andrew Sal Hoffmann for a total of about 10 hours.  These hours are not included in the SLG time system for analysis, but can be allocated principally in the "Pleadings" category,  reviewing and filing the initiating documents, assisting with pro hac vice appearances, and in the "Other Pretrial Proceedings" category, attending the court's status conference. Arguably, a small portion of the approximately 10 hours could be allocated to the Client Consents & Counseling category as part of launching the case with the named Plaintiff.

### D. Discovery

Not surprisingly, in a case with 30 plaintiffs and a class of over 3,000 members, the greatest amount of legal time during the litigation was spent on discovery. The attorneys and paralegals of SLG spent 132.2 hours on this category of activities. In the course of this work, Plaintiffs' Counsel prepared and served a set of 17 requests for admission, 39 requests for document production, and 21 interrogatories on behalf of the named Plaintiff. In 14 different iterations, Plaintiff's Counsel also served sets of 26 requests for production and 14 interrogatories for each of 32 opt-in plaintiffs, and in the course of such discovery, some of these opt-ins withdrew rather than participate further.

Defendants served responses and objections to numerous of these discovery requests. As a result, Attorney Duignan, who is of-counsel with the firm and specializes in handling discovery disputes for the firm, as well as other intensive writing and research matters, prepared a thorough motion to compel the Defendants. One of the central issues was Defendants' failure to provide answers and documents relating to identification, duties and compensation of similarly situated persons alleged to be in the class. In Plaintiff's view, such discovery was fundamental to preparing for class certification and assembling proof of class-wide liability. Ms. Duignan researched and analyzed relevant precedent in this district, wrote detailed March 1, 2011 letter to the Court, pursuant to Judge Hellerstein's Individual Rules to address these issues in detail. Per such procedure, she coordinated inclusion of the Defendants' arguments. Her work necessarily included reviewing and summarizing the discovery requests and Defendants' responses to date, in addition to the research and writing. She incurred 16.9 hours in this process

9

and did not work on any other portion of the case.[5]  Plaintiff's Counsel would suggest that involving an attorney of such skill and expertise ensured both efficient and effective handling of this work.

Despite the discovery disputes and need to compel, there was still a substantial quantity of document production in this case.  In the course of six batches, between December 2010 and February 2011, Defendants produced 19,044 pages of responsive documents.  These had to be reviewed, annotated, and indexed.  Moreover, they had to be reviewed with the named Plaintiff in pertinent part.

Plaintiff, Khalid Stewart was deposed in the district, requiring Plaintiff's Florida-based counsel to travel to New York over several days to confer with the Plaintiff and defend the deposition.  Plaintiff's Counsel then had to review the resulting transcript as well.

In addition, Defendants served several sets of discovery upon Plaintiff, for which the SLG attorneys and paralegals had to work with the client to prepare responses and objections, as well as responsive documents.

In the course of all this discovery work -- propounding extensive written discovery; reviewing responses and objections; reviewing, annotating and indexing voluminous responsive documents; responding to written discovery; and preparing for and attending Plaintiff's deposition -- Attorney Anderson spent 75.4 hours.  Paralegal Zambrano spent 32.4 hours, and Attorney Shavitz spent 7.3 hours.  To put some perspective on the efficiency with which this discovery was conducted, if one focused on document review alone and assumed no other discovery, the total of 132.2 hours incurred in this category would correspond to an average of

---

[5]  The letter was not ruled upon because the case settled at the end of the month, quite possibly in part due to the likelihood Plaintiff would prevail in obtaining the discovery in dispute, as well as other factors.

about an hour for every 150 pages reviewed of the 19,044 pages total alone.  Obviously, not every page in, for example, standardized time and pay records, requires elaborate scrutiny, but the calculation shows that Plaintiff's Counsel both handled extensive document review, and also conducted a wide range of discovery activities very efficiently for the benefit of this class settlement.

### E.  Class Certification

In October of 2010, Plaintiff's Counsel also filed a substantial motion for conditional certification of a nationwide collective action and court-supervised notice pursuant to section 216(b) of the FLSA.  (D.E. 29).  The motion was supported by an extensive memorandum of law and over a dozen declarations in support.  Because discovery was only in the preliminary stages, preparing and briefing the motion involved making calls to witnesses, conducting more detailed interviews of potential declarants, drafting and reviewing declarations, conducting legal research, identifying documentary evidence in support of the motion from the plaintiffs and publicly available sources.   Defendants filed a detailed memorandum in opposition with 18 exhibits in opposition. (D.E. 32)  Defendants also moved to strike the declarations.  (D.E. 33)  Plaintiff's Counsel both briefed opposition to the motion to strike and a reply memorandum of law in further support of conditional certification.  (D.E. 47, 48).

Fully briefing this central aspect of a collective action took 126.5 hours by SLG attorneys and paralegals.  94.7 hours were spent by Attorney Anderson on all the research tailored to this jurisdiction, the briefing and the gathering of evidence.  Attorney Shavitz likewise contributed 14.1 hours to this process, and paralegals handled about 17.7 hours, principally in coordinating declarations and preparing exhibits for filing.  Given that the case has in fact resolved as a nationwide class like the one sought to be certified, the time spent by Plaintiff's Counsel in the

11

certification activities has proven valuable and effective.  It is the view of Plaintiff's Counsel that the fact there was a thorough, credible and fully briefed motion for certification contributed substantially to the resolution of the case.

### F.  Other Pretrial Motions

The SLG attorneys and paralegals only incurred 1.3 hours on other pretrial motions, which includes certain pretrial disclosure issues and other motions.  There was no significant activity in this aspect of the case because it settled before heavy, dispositive motion practice would typically occur.

### G.  Other Pretrial Proceedings

17 hours were incurred in "Other Pretrial Proceedings," of which 12.8 hours were by Attorney Shavitz, 0.8 by Attorney Anderson, and 3.4 hours by paralegals.  Essentially, the work included the attendance of Attorney Shavitz at a court status conference in NewYork, and some modest work by paralegals in drafting certain letters, communications, other pretrial filings.

### H.  Settlement

Settlement was a long and complicated process in this case.  Initially, in December 2010, after Plaintiff briefed the motion for conditional certification, the parties engaged in a day-long negotiation in the office of Plaintiff's Counsel with defense counsel and one of Defendants' top executives.  Preparatory to that face-to-face negotiation, the parties negotiated a pre-mediation confidentiality agreement.  Defendants also produced extensive class data for each putative class member – separate from the document production in discovery that was described above.  Plaintiff's Counsel crunched those numbers, but despite the intensive effort, the case did not settle at that time.

      The parties proceeded with extensive discovery and a detailed letter submission seeking to compel discovery.  Ultimately, the parties agreed to try again to resolve the case.  More detailed and updated class data was exchanged in confidence.  The parties again met in person for another whole day in March 2011 with lawyers and Defendants' chief legal officer in attendance.  At the end of another marathon day of negotiation, and in what Plaintiff's Counsel believes was due in part to the combination the pending motions / letter, the results of the deposition, and a practical analysis of the settlement data, the parties were able to settle on a class-wide basis.  Consultation with the plaintiffs confirmed the settlement.

      From there, extensive work was done to finalize and execute a 25-page, custom settlement agreement for the class, plus exhibits.  The parties also drafted proposed forms of class notice and a motion and supporting memorandum of law for the Court.  Further data analysis refined the potential payout amounts, and ensured other wage law compliance too.  With all those materials submitted to the Court, the matter was duly heard in open court in New York and approved.  (D.E. 74)

      As can be seen in this history, to accomplish this lengthy, detailed class settlement took extensive negotiations, analysis and preparation over several months.  SLG attorneys and paralegals spent 124 hours, of which 84.3 were spent by Attorney Anderson and 28.8 hours by Attorney Shavitz.  Both attorneys attended both of the day-long negotiations.  Both reviewed the class data produced each time by Defendants in order to work toward potentially viable settlement models. Much of Mr. Anderson's time went to working on the extensive settlement documents, and the data analysis at various stages. About 10.9 hours of paralegal time were incurred mostly in assisting with relevant documents and data, and in client communications – all in furtherance of settlement.

**III. Application and Loadstar**

Based upon the work accomplished in each of these categories, the parties have consummated a class-wide settlement. In the motion, Plaintiff's Counsel already set forth the basis for a percentage of fund recovery. Since some of the case law embraces looking to the loadstar to determine whether such a basis is reasonable, the loadstar here plays a role in demonstrating reasonableness, as well as standing on its own as an alternative basis for recovery of fees.

Taking the time detailed above, and applying the requested rates for the attorneys involved yielded the following (as set forth in the original memorandum of law):

| Timekeeper | Hourly Rate | Hours | Loadstar |
|---|---|---|---|
| Gregg I. Shavitz, Esq. | $450 | 75.10 | $ 33,435.00 |
| Andrew Sal Hoffmann, Esq. (local counsel) | $450 | 10.0 | $ 4,500.00 |
| Christine Duignan, Esq. | $450 | 16.9 | $ 7,605.00 |
| Hal B. Anderson, Esq. | $400 | 299.20 | $118.813.50 |
| Iris Zambrano, Paralegal | $125 | 83.20 | $ 10,367.50 |
| Other Paralegals | $125 | 14.10 | $ 1,757.50 |
| **TOTAL:** | | **498.10** | **$ 176,478.50** |

In addition to this time being supported by the detailed time records filed with the Court and the discussion above, the hourly rates assigned to the attorneys and paralegals are based upon their experience and backgrounds. Those backgrounds were cited on pages 8-10 of the

14

initial memorandum of law. (D.E. 78). Rather than repeat this information here, Plaintiff's Counsel would incorporate it here by reference. Suffice it to say that the requested rates correlate with the years of experience of the timekeeper at issue.

To lend further support to the claimed rates, Plaintiff has also filed the declaration of an expert, Lloyd R. Ambinder, Esq. (D.E. 84) Mr. Ambinder is a member of this Court's Bar and has been an attorney over 20 years. He is a founder and principal of the law firm of Virginia & Ambinder, LLP, and he has litigated in excess of 500 wage and hour cases alone. Mr. Ambinder's qualifications, his opinion, and the bases therefore are set forth in more detail in his declaration. The bottom line is that he opines the hourly rates sought by that attorneys in this case are within the reasonable and customary range of those rates charged by attorneys of similar backgrounds in this community for litigation of this type. Specifically, his opinion on rates can be summarized as follows:

| **Timekeeper** | **Reasonable Hourly Rate** | **Actual Hourly Rate** |
|---|---|---|
| Gregg I. Shavitz, Esq. | $450 - $550 | $450 |
| Andrew Sal Hoffmann, Esq. (local counsel) | $450 - $550 | $450 |
| Christine Duignan, Esq. | $425 - $475 | $450 |
| Hal B. Anderson, Esq. | $400 - $450 | $400 |
| Paralegals | $125 - $150 | $125 |

Therefore, Plaintiff's Counsel has provided both a factual recitation in the initial memorandum (D.E. 78) regarding the backgrounds and credentials of the SLG attorneys and paralegals, and also provided expert testimony that the hourly rates sought are reasonable in this

15

community.  In fact, most rates sought are at the lower end of the ranges that the expert concluded would be reasonable.  When combined with the detailed time records separately filed (D.E. 79-1) and analyzed above, the resulting loadstar is one that Plaintiff's Counsel would submit is well-supported, fair, and arrived at through efficient, cost-effective legal work.

**IV.  Conclusion**

Plaintiff's Counsel would respectfully submit that the foregoing detail supports the fee recovery sought as being exceptionally efficient, fair and reasonable to the class, particularly given the substantial, remaining un-compensated time to be incurred.

WHEREFORE, Plaintiff requests that the Court authorize an award payable from the common fund authorized by this Court and pursuant to the terms of the settlement agreement of: (a) attorney's fees to Plaintiff's Counsel in the amount of 33.33% of the fund ($181,315.20) or in an amount equal to the loadstar ($176,478.50) with due allowance for additional time likely to be incurred; and (b) expenses to Plaintiff's Counsel in the amount of $12,640.

Dated:  October 22, 2011                            Respectfully submitted,

**s/ HAL B. ANDERSON**
Gregg I. Shavitz, Esq. (Florida Bar No. 11398)*
E-mail: gshavitz@shavitzlaw.com
Hal B. Anderson, Esq.(Florida Bar No. 93051)*
E-mail: hal.anderson@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 S. Federal Hwy., Suite 404
Boca Raton, Florida 33432
Tel: 561-447-8888; Fax: 561-447-8831
COUNSEL FOR PLAINTIFFS
*Admitted Pro Hac Vice*
         - AND -
Andrew Sal Hoffmann, Esq. (ASH-5517)
E-mail: ashlegal@aol.com
WISEMAN & HOFFMANN
450 Seventh Ave., Suite 1400
New York, NY  10123

16

              Tel: 212-679-0400
              LOCAL COUNSEL FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

   I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of Court using CM/ECF on **October 22, 2011**. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

              **s/ HAL B. ANDERSON**
              Hal B. Anderson

## SERVICE LIST
*Khalid Stewart v. Prince Telecom, Inc., et al.*
CASE NO. 1:10-cv-04881-AKH
United States District Court, Southern District of New York

Gerald Leonard Maatman, Jr., Esq.                              (via CM / ECF)
E-mail: gmaatman@seyfarth.com
SEYFARTH SHAW LLP
131 S. Dearborn Street, Suite 2400
Chicago, IL 60603
Telephone: 312- 460-5000 x5965
Facsimile: 312-460-7965
Attorneys for Defendants

Robert S. Whitman, Esq.
E-mail: rwhitman@seyfarth.com                                  (via CM / ECF)
SEYFARTH SHAW LLP
620 Eight Street, 32nd Floor
New York, NY 10018
Telephone:  212-218-5500
Facsimile: 212-218-5526
Attorneys for Defendants